## GREEN v. GREEN.†

(Court of Civil Appeals of Texas. Amarillo. March 16, 1912. Rehearing Denied April 6, 1912.)

1. INFANTS (§ 18*)—CUSTODY AND CONTROL—JURISDICTION OF COURTS.

A pleading, showing that the welfare of a minor requires an order from the district court or judge, authorizes the exercise of the judge's discretion, and it is not necessary that the proceeding be either habeas corpus or for divorce.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 18; Dec. Dig. § 18.*]

2. INFANTS (§ 18*)—CONTROL AND CUSTODY—JURISDICTION OF COURTS.

Under Const. art. 5, § 8, the supervisory control of infants is vested exclusively in the district courts and the judges thereof.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 18; Dec. Dig. § 18.*]

3. INJUNCTION (§ 144*)—SUBJECT OF RELIEF—PROTECTION OF MINORS.

A petition, alleging that plaintiff without her fault had been wrongfully abandoned by her husband, taking children with him, that he had been unkind and cruel to her, that she would amend her petition stating cause for divorce, and that she was financially able to provide for her children and was then in possession of a homestead where she desired to continue, and that she believed the husband intended to remove the children from the state, for which she prayed an injunction, was sufficient to show a controversy over the custody of the children and authorize the court to grant a temporary injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. § 144.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Petition by Nelle Green against W. C. Green for temporary injunction. From a decree for plaintiff, defendant appeals. Affirmed.

R. J. Dillard, of Lubbock, for appellant. H. C. Ferguson, of Lubbock, for appellee.

GRAHAM, C. J. This is an appeal from a vacation order granting a temporary injunction by the district judge of Lubbock county, on the record indicated below. The record shows: That on March 2, 1912, appellee presented to the Honorable W. R. Spencer, Judge of the Seventy-Second Judicial District of Texas, her petition, as follows: "Nelle Green v. W. C. Green. Suit pending in the District Court of Lubbock County, Texas. To the Honorable W. R. Spencer, Judge of the Seventy-Second Judicial District: The petition of Nelle Green complaining of W. C. Green shows to the court: That both parties reside in Lubbock county, Tex. That plaintiff and defendant were married in 1900, and that she has since then discharged her duties as a faithful wife to the defendant, and that the defendant has been disagreeable and quarrelsome, and that he has not been a faithful and affectionate husband. That during the time she has lived with the defendant there has been born to her and the defendant three children, to wit: Hollis, a boy who is now nine years old; Annita, who is a girl and now six years old; and Orvie, a son, who is now five years old—all of whom have resided with plaintiff and defendant. And that, on, to wit, the ——— day of ——— the defendant left plaintiff, taking all of her said children, and after so leaving telephoned back to her that he would not return, and that since he has left and abandoned her she has learned that he is about to leave Lubbock county and take her said children with him, and that she does not know where he is going nor whether he

will return, but she fears and believes that it is his intention and purpose to remove all of her children from the state of Texas and beyond the jurisdiction of the court and probably take them to the state of Oklahoma. That the defendant has no cause or excuse to abandon her, and that his abandonment of her is wrongful and a violation of the marriage vow. That the defendant has been cruel to her and unkind, and his cruel and unkind conduct has made their living together insupportable, and that she believes his abandonment and desertion of her is with the intention of permanently abandoning her, and that she will amend this petition before the trial of this cause and state a cause for divorce which in her opinion is sufficient in law, but that she is much attached to her children, and that she desires that the cruel and wrongful removal of her children be restrained. That she has not consented for the defendant to remove her said children. That she is financially able to provide for her children if she is required to do so. That she is now in possession of the homestead of herself and the defendant situated in the town of Lubbock, and that she desires to continue to reside at her home and to have her children with her. That the children above named are all her children, and that if they are taken away from her she will be left entirely alone. And plaintiff prays for the issuance of a writ of injunction to restrain the defendant from removing said children from Lubbock county, and she will state more fully such cause for divorce as she may be able before the trial of this cause, but that it is necessary for immediate issuance of restraining process to prevent the removal of her children from Lubbock county, and that she will fully state in her amended petition the particular grounds of cruelty. Plaintiff was in the actual custody of her daughter on the day of the filing of this petition, and she was forcibly taken away from her by John Green, in whose custody she was temporarily left by the defendant, and she desires the order of restraint to require the return of her daughter to her custody and an order preventing the defendant from removing the two boys from Lubbock county until the final hearing of this cause, and for a divorce from the bonds of matrimony from the defendant and for costs. H. C. Ferguson, Plaintiff's Atty. I, Nelle Green, plaintiff named in the foregoing petition, state on oath that I have read the foregoing petition, and that the facts are true as therein stated. Nelle Green. Sworn to and subscribed before me by Nelle Green on this the second day of March, A. D. 1912, to which I certify under my hand and seal of office in Lubbock, Texas, date last above written. [Seal.] J. A. Wilson, Dist. Clerk, Lubbock county, Texas. By C. A. Stubbs, Deputy." That on that day said judge indorsed on said petition his fiat as follows: "State of Texas, County of Terry. In Chambers this 2d day of March, A. D. 1912. The foregoing petition for injunction being considered, it is ordered that the clerk of the district court of Lubbock county, Tex., issue a writ of injunction in all things as prayed for in the within petition, upon the petitioner executing to the adverse party a bond with two or more good and sufficient sureties in the sum of $500.00, five hundred dollars, conditioned as the law requires. W. R. Spencer, Judge 72d Judicial District of Texas." The record also shows that the bond as required in said fiat was executed in the amount and in terms of the law and duly approved by the clerk of the district court of Lubbock county, and that on the 3d day of March, 1912, a writ of injunction as prayed for and ordered was issued, containing the following provisions: "You are hereby commanded until the further order of said district court to be holden within and for the county of Lubbock, Tex., on the 2d Monday in May, A. D. 1912, the same being the 13th day of May, A. D. 1912, when and where this writ is returnable; that you desist from removing any of said children from Lubbock county; and that you deliver over to the plaintiff the child Annita and permit her to remain in her custody and care until the further order of this court." The record shows that the order for injunction was granted upon the petition alone, and that the appeal was prosecuted from said order.

[1] In this court the contention is made by appellant that the honorable district judge who granted the injunction was without power so to do, and it is further contended that, even if he had the power, the petition on its face is insufficient to warrant the order made. Appellant, before this court, contends that the district judge was without power to grant an order controlling the custody of a minor child except in a divorce suit or in a habeas corpus proceeding brought for that purpose, and as the petition in this case is insufficient as a petition for divorce, and also fails to contain the requisites of a habeas corpus petition, that the district judge wrongfully entered the order appealed from. While the case of Legate v. Legate, 87 Tex. 248, 28 S. W. 281, as well as the case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S. W. 901, clearly hold that a habeas corpus proceeding can be resorted to as a means of testing the right of custody of a minor child, we think that neither of said cases nor any other that we have found hold that a habeas corpus proceeding or valid divorce proceeding are the only ones in which the right to the custody of a minor child can be adjudicated.

We think the case of Ex parte Reeves, 100 Tex. 617, 103 S. W. 478, ample authority for the proposition that a pleading, which shows upon its face that the welfare of a minor child requires that an order be made by a

district court or a judge thereof, is amply sufficient to warrant the court or such judge in making such order as in his discretion may appear right and proper for the welfare of the child.

[2] While a minor child is not "property" within the ordinary meaning of that term, nor is the right to its custody based upon any property right, its welfare has always been of such paramount importance, both to it and society, as to require at the hands of some branch of government a supervisory control, and this control was anciently exercised by the courts of chancery in England, and under our system, as well as our Constitution, this power is exclusively vested in the district courts and the judges thereof, as is expressly provided in article 5, § 8, of our state Constitution.

[3] We think the petition presented to the honorable district judge amply sufficient, if true, to show that there was a controversy between the appellant and appellee over the custody of the three minor children mentioned therein, and that some order of court was necessary to properly guard the welfare of the children until a final hearing could be had on the issue, and as the Constitution of this state confers on the district court the power to act in such matters, the judge in this instance did not err in acting; and as the petition shows, if true, that appellee has a home at which to take care of the girl child, and that appellant was about to remove all the children from the jurisdiction of the court if not restrained from so doing, we think there is nothing in the record showing, or tending to show, that the court abused the discretionary power vested in him by the Constitution.

Believing that the record discloses no reversible error, the judgment or order of the court below will be in all things affirmed, and it is so ordered.