Ex parte GARCIA.

GAZELL et al. v. GARCIA.

(No. 5663.)

(Court of Civil Appeals of Texas. San Antonio. May 31, 1916. Rehearing Denied June 22, 1916.)

1. HABEAS CORPUS ☞83—ABATEMENT—NECESSITY OF PLEA.

Where, in habeas corpus involving the right to custody of a child, respondents filed no plea in abatement to the jurisdiction of the court, but merely set up that the court had no jurisdiction to change the custody of the child because a decree of divorce whereby custody of the child was awarded was still in force, such pleading is not equivalent to a plea in abatement setting up the pendency of another suit involving the same matter, but raises only the question whether the court in which habeas corpus was brought has jurisdiction over the subject-matter involved in suit.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 75; Dec. Dig. ☞83.]

2. HABEAS CORPUS ☞46—CUSTODY OF CHILD.

Where the custody of an infant child is illegally withheld from a parent, the district court has jurisdiction to issue habeas corpus upon application of the complaining parent and in such proceeding to determine the right to the custody of the child.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 36; Dec. Dig. ☞46.]

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. DIVORCE ⟨⟩303(3) — PROCEEDINGS — JUDGMENT—CONCLUSIVENESS.**

Where in a divorce suit the custody of children is awarded, such judgment is conclusive as to the facts and circumstances then existing, but is not a conclusive adjudication preventing subsequent proceedings for the custody of infant children of the marriage, where circumstances and conditions have changed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 794; Dec. Dig. ⟨⟩303(3).]

**4. DIVORCE ⟨⟩303(3)—CUSTODY OF CHILDREN — EXCLUSIVE JURISDICTION OF SUPREME COURT.**

Where a district court on granting a divorce awarded the custody of a minor child, such district court does not, the statutes providing for an absolute decree, have exclusive jurisdiction over the custody of minor children of the marriage so as to prevent a court of another district upon change of conditions and circumstances from reviewing the question of the custody of such children; this being true though the court granting the divorce attempted to reserve to itself exclusive power over the matter.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 794; Dec. Dig. ⟨⟩303(3).]

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Petition by Frank H. Garcia for writ of habeas corpus on behalf of the infant, Ivy Garcia, against Mrs. Frank Gazell, in which Bridget Garcia, under the name of Lillie Wilcox, was permitted to intervene. From a judgment awarding custody of the infant to petitioner, defendant and intervener appeal. Affirmed.

A. E. Heilbron and C. L. McGill, both of San Antonio, for appellants. W. R. Camp and Don A. Bliss, both of San Antonio, for appellee.

MOURSUND, J. On August 14, 1915, Frank H. Garcia filed in the district court of Bexar county, Thirty-Seventh judicial district, a petition for a writ of habeas corpus in behalf of the infant, Ivy Garcia, alleging that on February 6, 1911, in a divorce suit between said Frank H. Garcia and Bridget Garcia, the district court of Bexar county in and for the Fifty-Seventh judicial district had awarded the temporary custody of Ivy Garcia to Mrs. Frank Gazell on certain conditions; that said conditions had been violated; that the child had been subjected to influences most undesirable in her rearing, the facts being set out; that petitioner's financial circumstances had changed and he was well situated to have the care and custody of the child. The writ of habeas corpus having been duly issued and served, Mrs. Frank Gazell filed her original answer to said petition on September 29, 1915, wherein she replied to the allegations in the petition, and contended that conditions had not changed since the rendition of the judgment of divorce.

Bridget Garcia, under the name of Lillie Wilcox, was permitted to intervene, and she pleaded that the decree in the divorce suit between herself and Frank Garcia contained the following provision:

"It is further ordered by the court that for the time being, and subject to the further order of the court, the custody and possession of the child of plaintiff and defendant be and is hereby placed in Mrs. Gazell, the maternal grandmother of said child, provided, however, that the custody and possession of said child be and is hereby given to Frank H. Garcia, the father of said child, for a period of one week in every sixty days, provided that said Frank H. Garcia is to go to the home of said Mrs. Gazell and get the child, and, after keeping the child one week, said plaintiff is to return said child to the said home of Mrs. Gazell."

She then alleged:

"That the decree of said court is still in full force and effect, and that this court has no jurisdiction to change the custody of said child."

She answered further by adopting the allegations of her mother, Mrs. Frank Gazell, relating to the conditions to be taken into consideration in determining the merits of the controversy.

The relator, in reply to the pleadings of respondent and intervener, reasserted that the conditions had changed since the divorce decree had been rendered, setting out fully the facts relied upon. Respondent and intervener filed a general demurrer to his answer and denied all the allegations therein contained. We deem it unnecessary to state the allegations of the parties relating to the merits of the controversy. Appellants do not contend that the relator's pleadings were not sufficient, nor that the evidence does not sustain the findings of fact filed by the trial court, which amply justified his conclusion that conditions had so changed that the best interests of the child required that her custody should be awarded to her father.

[1] The judgment of the court awarding the custody of the child to relator is only attacked upon the theory that because of the existence of, and the wording of, the divorce decree, the district court of the Thirty-Seventh district erred in hearing and passing upon the issues of fact raised by the pleadings and the evidence. We have stated the contention cautiously and therefore broadly, because of the wording of the assignments of error. By the assignments appellants contend the court erred in "overruling appellants' plea in abatement to the jurisdiction of the court." This statement is subject to the construction that appellants relied upon a plea in abatement, when in fact no such plea was filed, and the only pleading from which it can be inferred that objection was made to the right of the court to proceed is the statement contained in intervener's pleading, which reads as follows:

"That the decree of said court is still in full force and effect, and that this court has no jurisdiction to change the custody of said child."

We therefore conclude that there is no basis upon which appellants can rest any contention with reference to a plea in abate-

ment, and that the inquiry must be restricted to the sole issue, whether the district court of the Thirty-Seventh district had jurisdiction of the subject-matter involved in this suit.

[2-4] The trial court in his conclusions of law submitted two reasons in support of his holding that he had such jurisdiction. They are as follows:

"(2) It was not intended by the said decree of the district court of Bexar county, for the Fifty-Seventh judicial district of Texas, to reserve to itself the exclusive jurisdiction of the custody of said child for all time; but said decree meant merely that the respondent should have the custody of said child temporarily until conditions should so change that the best interests of said child would require its custody to be awarded to some other person.

"(3) But even if it should be conceded that said decree should be construed as an attempt to reserve to the district court of the Fifty-Seventh judicial district of Texas the exclusive jurisdiction to hear and determine any controversy that might arise in the future as to the custody of said child no matter where said child might be at the time and no matter how much conditions might have changed, then said court had no power to assume such exclusive jurisdiction, and any such attempt would not prevent any other court of competent jurisdiction of the subject-matter from exercising jurisdiction."

It is well settled that the district court has jurisdiction to issue the writ of habeas corpus upon the application of the parent complaining that such parent's infant child is illegally withheld from the parent, and has the power in such proceeding to decide to whom the custody of the child rightfully belongs. Legate v. Legate, 87 Tex. 248, 28 S. W. 281; Ex parte Will Reeves, 100 Tex. 617, 103 S. W. 478. It is therefore evident that, had there been no prior adjudication respecting the custody of Ivy Garcia, the district court of the Thirty-Seventh district would have had jurisdiction to entertain and determine this cause. To what extent is this jurisdiction affected by reason of the proceedings had and judgment entered in the divorce suit in the district court of the Fifty-Seventh district? It is well settled that such judgment is res adjudicata as to the facts and conditions existing prior to its rendition, and will be given full force and effect so long as the circumstances remain as they were at the time the decree was awarded, but is not binding if the conditions have changed, after the award of such judgment, to such an extent as to require an inconsistent award of custody in the interest of the welfare of the child. We come then to the vital question, whether all subsequent proceedings relating to the custody of the child must be brought in the court which rendered the divorce decree and therein made provision for the custody of the child. Has such court exclusive jurisdiction to adjudicate all future controversies concerning such custody? It is well established in this state that such is not the case when the judgment is entered by a court of another state and the child becomes domiciled in this state.

Wilson v. Elliott, 96 Tex. 472, 73 S. W. 946, 75 S. W. 368, 97 Am. St. Rep. 928. We are unable to find any Texas case which has decided what the rule is when the judgment was entered by another Texas court, instead of a court of another state.

There are expressions in the opinion in the case of Plummer v. Plummer, 154 S. W. 597, which tend to sustain the theory that the court which awards the custody of minor, children in a divorce suit has a continuing jurisdiction over such minors and that they are the wards of such court. The authorities cited in support of these expressions are all based upon statutes which authorize provision to be made for the support of the children and expressly provide for modification of the decree with respect to support and custody. We can appreciate the force of the contention that, when the power is expressly vested in a court to change its decree from time to time, the necessary implication is that such decree shall be conclusive until changed in the tribunal which is given the power to change it. But we find no provision in our statute authorizing the court to provide for the support of the children in the divorce decree, and no provision authorizing the court to modify or change its decree from time to time. Our Legislature did not see fit to give the district court such power, and the statute contemplates a judgment in the case which finally disposes of the custody of the children upon the facts before the court—a decree which is conclusive in that court or any other court with regard to the custody as long as the conditions remain unchanged. Our statute provides for the division of the property, and contemplates that a final decree with respect thereto shall be made. The judgment in a divorce suit with respect to division of property and custody of the children is as conclusive under our statute as in any other case, and we find no warrant for the theory that the court exercises a continuing supervision over the children and their custody. It adds nothing to a decree to say that for the time being the custody of the children is awarded to one party, and the court has no power to decree that it reserves to itself the exclusive right to determine in the future whether the custody shall be changed. The custody is conclusively adjudicated upon the facts then existing, and a new suit must be brought in that court or some other court of competent jurisdiction in order to change such custody. If it could be held that the court had a continuing jurisdiction, it seems to us it would necessarily follow that such court at a subsequent term could, without the conditions having changed, arbitrarily set aside its judgment and change the provision with respect to the custody of the children. It may be argued that it is unnecessary for us to decide whether the jurisdiction of the court which grants the divorce is a continuing one as to the custody of the child, for the reason

that no plea in abatement was filed in this case, based upon the theory that a case involving the very question was then pending in another court. We think, however, that if it can be deduced that the jurisdiction is a continuing one it might as well be admitted that it is exclusive, for such deduction would necessarily be based on the theory that the child became the ward of that court, and no other court should take away or destroy such wardship. It has been stated by our courts that minors interested in a suit are the wards of the court, and undoubtedly they are to the extent that it becomes the duty of the court to protect and care for their interests in such suit, but not to the extent that a wardship over the persons of the minors continuous in its nature is created, even in a case involving the custody of the minors.

The question in this case is one of great importance, and it would, perhaps, be better to vest the exclusive jurisdiction, with respect to custody of minors, in the court which decrees the divorce; but we believe that the Legislature has not so decreed, and we therefore hold that the trial court had jurisdiction to enter the judgment appealed from.

Judgment affirmed.