**HARDY et al. v. McCULLOCH et ux.***
(No. 337.)

(Court of Civil Appeals of Texas. Waco.
April 22, 1926. Rehearing Denied
July 1, 1926.)

1. **Judgment ⚖️➡️299(1)—In absence of motion for new trial, district court's attempted modification of judgment awarding custody of child, more than 30 days after rendition but in same term, could not form predicate for modification of judgment at subsequent term (Acts 38th Leg. [1923] c. 105).**

District court's attempted modification of judgment awarding custody of child, more than 30 days after rendition but in same term, *held* void, where there was no motion for new trial, and could not form predicate for attempted modification at subsequent term, in view of Acts 38th Leg. (1923) c. 105, making judgment final in 30 days.

2. **Infants ⚖️➡️18—District court must exercise original jurisdiction and control over minors under prescribed regulations of Legislature (Rev. St. 1925, arts. 2330-2337).**

Original jurisdiction and control over minors, conferred by Constitution on district court, as distinguished from judge thereof, must be exercised under regulations of Legislature, such as are prescribed by Rev. St. 1925, arts. 2330-2337.

3. **Habeas corpus ⚖️➡️1—Proceeding by habeas corpus to determine which of two or more parties is entitled to custody and control of minor is civil suit.**

Proceeding to determine which of two or more parties is entitled to custody and control of minor, which is instituted by petition praying writ of habeas corpus commanding party in actual custody to produce child, is civil suit.

4. **Parent and child ⚖️➡️2(3)—In suit to determine custody of minor child, rights of parties growing out of relation to, affection for, or interest in, child are to be considered and determined.**

In suit to determine which of two or more parties is entitled to custody of minor, and for habeas corpus to require production, paramount issue is welfare of child, but rights of parties growing out of their relation to, affection for, or interest in, child are to be considered and determined.

5. **Habeas corpus ⚖️➡️117(1).**

Judgment determining and fixing rights of parties litigant to custody of minor child, in habeas corpus suit brought for such determination, is res judicata of all existing matters affecting issue.

6. **Habeas corpus ⚖️➡️112—Judgment determining and fixing rights of parties litigant to custody of minor child may be modified or set aside.**

Judgment on habeas corpus, determining and fixing rights of parties litigant to custody of minor child, may be modified or set aside, where conditions and circumstances have materially changed, and welfare of child will be conserved by changing terms of judgment or setting it aside.

7. **Courts ⚖️➡️481.**

Right to modify or set aside judgment on habeas corpus, determining rights of parties litigant to custody of minor child, is not confined to court where it was rendered.

8. **Judgment ⚖️➡️460(1)—Judge of district court cannot assume jurisdiction to modify judgment awarding custody of child, in absence of pleadings and on his own motion (Rev. St. 1925, arts. 1971, 1997).**

Judge of district court cannot assume jurisdiction to modify habeas corpus judgment awarding custody of child, in absence of pleadings and on his own motion, since proceeding to modify such judgment is in effect new suit, and jurisdiction must be invoked by proper petition, and adverse parties notified and allowed to answer and contest its allegations, in view of Rev. St. 1925, arts. 1971, 1997.

Error from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit for the custody of a child by Kemmie Hardy and husband against A. C. McCulloch and others. Judgment or order awarding the permanent care and custody of the child to named defendant and wife, and plaintiffs bring error. Reversed and vacated, and proceeding dismissed without prejudice.

C. E. McGaw and W. F. Patterson, both of Fort Worth, for plaintiffs in error.

Thompson, Barwise & Wharton, F. Bert Walker, Arthur Collins, and Julien Hyer, all of Fort Worth, for defendants in error.

GALLAGHER, C. J. Mrs. Kemmie Hardy and her husband, O. K. Hardy, plaintiffs in error herein, present for review by writ of error an order or judgment of the district court awarding the permanent care and custody of Frances Simpson, a minor child, to A. C. McCulloch and wife, Anne McCulloch, defendants in error herein. The parties will be designated as in the trial court.

Plaintiffs on July 18, 1923, filed in the district court a petition in which they complained of defendants A. C. McCulloch and wife, Anne McCulloch, and of one Claude Simpson, who is not a party to this writ of error. They alleged in said petition that plaintiff Mrs. Kemmie Hardy was formerly the wife of the defendant Claude Simpson; that Frances Simpson, then about 11 years of age, was born of said marriage; that said Simpson deserted her before the birth of said child, and that she subsequently secured a divorce from him and married her coplaintiff, O. K. Hardy; that in her decree of divorce she was awarded the custody of her said child; that the defendants McCulloch and wife illegally and wrongfully withheld custody and control of said child from her; that the defendants had entered into some kind of conspiracy or common understanding to remove said child

from the state of Texas and conceal her from the process of the court. They prayed for a writ of habeas corpus commanding defendants to produce said child before the court, and for an injunction restraining defendants from concealing said minor or removing her from the city of Fort Worth, in which all the parties then resided. The defendants McCulloch and wife, on August 21, 1923, filed their answer in said cause. They alleged in said answer that they resided in said city of Fort Worth; that they had continuously had exclusive custody and control of said minor for more than eight years immediately prior to the filing of said answer; that for some time prior to said period of exclusive control they had had control and custody of said minor a large part of the time. They made further allegations showing that they had no children of their own; that they were attached to the child, and that she was attached to them; that the mother had voluntarily surrendered the custody of said child to them; and that the best interests of said child required that she remain in their custody. There are no pleadings for the defendant Claude Simpson found in the transcript.

The case was tried before a jury on April 3, 1924. The jury found, in response to special issues submitted: (a) That Mrs. Hardy, the mother of said Frances Simpson, was a fit and suitable person to have the care and custody of said child; (b) that Mr. McCulloch and his wife were fit and suitable persons to have the care and custody of said child; (c) that at the time Mrs. Hardy secured her divorce from her former husband she surrendered said child to the care and custody of said McCulloch and wife, with the understanding that said child should remain with them and under their care and control during her minority; (d) that the future welfare of said child would not be best served by giving her care and custody to her said mother. The court, on April 4th, entered judgment reciting that he had considered the verdict of the jury and adopted it as his own, and had considered in connection therewith the evidence and law applicable thereto, and was of the opinion that Mrs. Hardy had surrendered her said child to the care and custody of said McCullochs, with the understanding that such care and custody should remain with them during the minority of said child, and that the welfare of said child would be best served by giving her care and custody to said McCullochs. These recitals were followed by a decree awarding "the care, custody, and support" of said minor to said McCulloch and wife, subject to the rights of Mrs. Hardy or her husband to have the peaceful possession and custody of said child every week from 5 o'clock Friday afternoon until 9:30 o'clock the following Sunday morning. Said decree further provided that said Simpson, father of said child, should be allowed to visit her at the home of said McCulloch and wife. The facts introduced in evidence on that trial have not been brought before this court. No motion for a new trial was filed by any of the parties to said judgment, and no action of any kind had in said cause until May 31, 1924. At that time the court, on the verbal application of the plaintiffs, and without notice to any of the defendants, entered an order under the number and style of the original case, giving plaintiffs the care, custody, and control of said minor beginning Saturday, May 31, 1924, and continuing until the first Saturday in August, 1924, said minor to be then returned to the custody of said McCulloch and wife. Said order expressly provided that the final judgment theretofore entered was in nowise "modified, altered, or changed" except as shown therein. Said order purported on its face to have been rendered in open court, and was duly entered on the minutes. The said 31st day of May was the last day of the regular term of the court at which the original judgment was rendered.

On July 9, 1924, the court of his own motion called the parties and their attorneys before him by telephone and stated that certain matters had come to his notice upon which he deemed it proper to have a hearing. The jurisdiction of the court had not been invoked by any form of motion or other pleading. Both parties objected strenuously to proceeding without having the issues formulated in writing and without an opportunity to prepare and file such pleadings, if any, as they might deem material to the proper protection of their respective interests in such proceeding, and without an opportunity to prepare to meet the issues, if any, arising on such hearing with proof. The court declined to postpone the hearing, and insisted on proceeding at once. A stenographic report of everything that transpired at said hearing was transcribed, approved, and filed as a statement of facts. Briefly stated, said statement shows that the court in the course of said hearing announced, in substance, that he had heard that Mrs. Hardy, in acting upon the authority granted her in said order of May 31st, had taken possession of the child in an arbitrary manner and without consultation with the McCullochs, and probably without their knowledge, and under circumstances showing intentional discourtesy to them. He further stated, in substance, in that connection, that, if such report were true, Mrs. Hardy's conduct in the premises rendered her unfit to be intrusted with the care and custody or even the right to see such child, and that such conduct contradicted the finding of the jury to the effect that she was a suitable person to be intrusted with the care, custody, and education of such child. Plaintiffs and their attorney were called as witnesses by the court. Their testimony referred to a verbal promise claimed to have been made by the court to Mrs. Hardy at the time of the original trial of the case to the effect that she-

(286 S.W.)

might have the child a part of the time during vacation. No such provision was incorporated in the judgment actually entered by the court at that time. It was charged in open court by counsel for McCulloch and wife that Mrs. Hardy had taken the child, and such charge was not denied. In that connection counsel for the McCullochs admitted that such taking was under said order of May 31st and justified thereby. There was neither admission nor proof concerning the manner in which Mrs. Hardy had secured possession of such child in pursuance of such order. Other than the matters above set out, there was no proof of any change in the conditions in any way affecting the welfare of said child or authorizing a modification of the judgment rendered and entered of record on April 4th. The whole proceeding was conducted under the continual protest of counsel for one side or the other and sometimes over the joint protest of counsel for both parties. At the conclusion of the hearing, the court announced verbally that his order was that Mrs. Hardy—or rather the sheriff—should "take this child and deliver it back to the McCullochs permanently, not giving the mother the right to see it one day in the week or one hour in the week." Said proceeding was had in open court. The court caused an order to be entered on the minutes awarding permanent care and custody of said minor child to said McCulloch and wife, both as against said Hardys and said Simpson, the father of such child. Said order recited on its face that it was entered in pursuance of a hearing by the court of his own motion on the matter of setting aside or not setting aside said order of May 31st, and bears as a caption the number and style of the original case. Said order or judgment of July 9, 1924, is the one presented for review in this proceeding.

## Opinion.

[1] Plaintiffs assail the order or judgment of the court of July 9th on various grounds. Their principal contention is that the court had no power or jurisdiction at the time of said hearing on July 9, 1924, to in any way modify or change his original judgment entered on April 4th. The term of court at which said order of July 9th was entered began on June 2, 1924. The prior term at which the original judgment was entered and at which the supplemental order of May 31st was entered expired on said last-named day. We gather from the record that the learned trial judge who tried this case was of the opinion that the judgment of April 4th was under his control until the end of the term at which it was rendered, and that his supplemental order of May 31st modifying the same was a valid exercise of such control, and that his control over said supplemental order and his right to set aside or modify the same was, by the provisions of chapter

105 of the General Laws of the Thirty-Eighth Legislature, prescribing special rules of procedure for certain courts, preserved and continued over into the succeeding term for a period of at least 30 days. It is conceded that the act of the Legislature above referred to was in force at the time of the original trial of this case, and that it governed the proceedings herein. Under the express provisions of said act, since no motion for a new trial was filed, the judgment of April 4, 1924, became final 30 days thereafter, or on May 4, 1924, and the term of the court as to such case in effect ended on that day, and said judgment could not thereafter be set aside or reopened except by a bill of review or separate suit based on sufficient cause shown therefor. The power of the court to set aside or modify said judgment of April 4th on his own motion had expired prior to May 31st, and the order of that date was void. Pierce Co. v. Watkins, 114 Tex. 153, 155 et seq., 263 S. W. 905; Townes v. Lattimore, 114 Tex. 511, 272 S. W. 435. It is true said act provides that a motion for a new trial may be filed at any time within 10 days after judgment, that such motion may be amended at any time within 20 days after filing, and that the court may act thereon at any time within 45 days from the date of such original judgment, and, in effect, that the ending of one term and the beginning of another during such period of time shall not defeat the right to such action. Since said order of May 31st, under the provisions of said act as construed by the authorities cited, was wholly void and unenforceable, it could form no predicate for any action by the court attempting to modify or annul any of the provisions of said original judgment at a subsequent term.

[2] Defendants seek to sustain the order or judgment of July 9th on the ground that it was a proper exercise of the jurisdiction and control over minors given to the district court by the Constitution. They contend that the district court can exercise such control for the best interests of a minor on the judge's own motion and at any time, and that no abuse of discretion is shown in this case, since all the parties, including the child, were present, and a hearing was actually had, and there was no evidence that the best interests of the child would not be served by committing it to the exclusive custody and control of defendants. Original jurisdiction and control over minors is conferred by the terms of the Constitution on the district court, as distinguished from the judge thereof, and it is provided by the terms of that instrument that such jurisdiction and control shall be exercised under such regulations as may be prescribed by law. The Legislature has prescribed by law how such jurisdiction shall be exercised when a child is without means of support, is destitute, homeless, or abandoned, or is living in improper or vicious surround-

ings, or whose parent or guardian is unfit to have the custody or control of such child. Even in such extreme cases the law provides that the jurisdiction of the court shall be invoked by a written petition, duly verified, that a time for hearing the same shall be set, that notice shall be served on the parents or guardian, if any, and that on such hearing any interested party may appear by counsel and demand a trial by jury. Only after such hearing and upon findings of fact justifying the exercise of such jurisdiction and control can the court make an order for the care and custody of such child. R. S. arts. 2330 to 2337, inclusive.

[3-6] Except in divorce cases, the Legislature has made no specific provision regulating exercise of such jurisdiction and control over minors when the issue to be determined is which of two or more parties claiming the right to the custody and control of a minor is entitled thereto. Such an issue may be raised by a petition setting out the facts upon which the petitioner's claim to the custody and control of a minor child is based, and praying for a writ of habeas corpus commanding the party in actual custody or control of such child to produce it in open court. The defendant in such writ may of course contest the allegations of such petition and set up facts tending to show that the petitioner is not entitled to the custody and control of such child, and that he or some third person is entitled to such custody and control. Such a proceeding is merely a civil suit within the meaning of our Constitution and laws. Legate v. Legate, 87 Tex. 248, 250 .et seq., 28 S. W. 281; Finney v. Walker (Tex. Civ. App.) 144 S. W. 679, 681, par. 3; Vickers v. Faubion (Tex. Civ. App.) 224 S. W. 803, 804, 805; 31 C. J. p. 993, § 12. In the trial of such a suit the paramount issue is the welfare of the child, but subordinate thereto the rights of the parties growing out of their relation to, affection for, or interest in, such child are to be duly considered, and such rights are determined and fixed by the judgment rendered therein. Legate v. Legate, supra; Dunn v. Jackson (Tex. Com. App.) 231 S. W. 351, 353. A judgment in such a case, determining and fixing the rights of the parties litigant to the custody of a minor child, is res judicata of all matters affecting the issue existing at that time. Wilson v. Elliott, 96 Tex. 472, 476, 477, 73 S. W. 946, 947, 75 S. W. 368, 97 Am. St. Rep. 928; Ex parte Garcia (Tex. Civ. App.) 187 S. W. 410, 412 (writ refused); Vickers v. Faubion, supra page 807, par. 8. Such a judgment, however, out of consideration for the continued welfare of the child, may be modified or set aside in proper proceedings instituted for such purpose, when it is affirmatively shown that conditions and circum-

stances existing at the time such judgment was rendered have materially changed, and that the welfare of the child will be conserved by changing the terms of such judgment or setting it entirely aside; Wilson v. Elliott, supra; Ex parte Garcia, supra; Patton v. Shapiro (Tex. Civ. App.) 154 S. W. 687 (writ refused); Vickers v. Faubion, supra, page 807, par. 9; Smith v. Long (Tex. Civ. App.) 181 S. W. 478, 479; 31 C. J. p. 990 et seq. § 9.

[7, 8] The right to modify or set aside such a judgment is not confined to the court in which such judgment was rendered. A proceeding seeking such relief may be instituted and prosecuted in another and different court. Ex parte Garcia, supra. Such a proceeding is in effect a new suit to determine the right to the custody and control of the minor as between the parties thereto at the time it is instituted. Being a new suit in effect, whether it is such in form or not, it follows that the jurisdiction of the court must be invoked by a proper petition as in other civil cases, and that parties adversely interested are entitled to notice of the proceeding and an opportunity to answer and contest the allegations of such petition. R. S. arts. 1971 and 1997. There being no statute authorizing the trial court in this case, in the absence of pleadings and of his own motion, to assume jurisdiction of the subject-matter of any new controversy between plaintiffs and defendants over the custody of said minor child, his attempt to do so was unauthorized, and the order or judgment entered in pursuance thereof is void. Vickers v. Faubion (Tex. Civ. App.) 224 S. W. 803, 804, 805; 31 C. J. p. 993, § 12; Sutherland v. De Leon, 1 Tex. 250, 309, 310, 46 Am. Dec. 100; Dunlap v. Southerlin, 63 Tex. 38, 42, 43; Williams v. Warren & Son, 82 Tex. 319, 322, 18 S. W. 560; Edinburg Irr. Co. v. Paschen (Tex. Civ. App.) 223 S. W. 329, 332, par. 3, aff'd (Tex. Com. App.) 235 S. W. 1088; 15 C. J. p. 797, §§ 93 and 94; State v. Muench, 217 Mo. 124, 117 S. W. 25, 29, 129 Am. St. Rep. 536; State v. Muench, 230 Mo. 236, 130 S. W. 283, 288; Taber v. Douglass, 101 Me. 363, 64 A. 653; City of Indianapolis v. Hawkins, 180 Ind. 382, 103 N. E. 10, 11.

The order or judgment presented for review by the writ of error in this case being void because the court never acquired jurisdiction of the subject-matter attempted to be adjudicated therein, said order is reversed and vacated, and the proceeding dismissed without prejudice to the rights of any of the parties thereto. Holland v. Preston, 12 Tex. Civ. App. 585, 34 S. W. 975, 977, writ refused; Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 481, 119 S. W. 294.