Louiema Johnson TERRY et vir

v.

George Marshall JOHNSON.

No. 6673.

Court of Civil Appeals of Texas.

Amarillo.

April 8, 1957.

Rehearing Denied April 29, 1957.

John J. Herrera, Philip M. Shafer, Houston, Sanders, Scott, Saunders & Smith, Amarillo, for appellants.

E. T. Miller and Harold D. Sanderson; Lumpkin & Watson, Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment entered by the court below, on his own motion, declaring a minor child, Marshella Johnson, a dependent and neglected child.

On September 19, 1954, the District Court of Gray County, Texas, granted a divorce to Louiema Johnson, defendant in said divorce action, appellant herein, against George Marshall Johnson and in said judgment of divorce awarded the custody of the minor, Marshella Johnson, to the said mother, Louiema Johnson, with the right of reasonable visitation of the father.

On January 29, 1955, George Marshall Johnson filed a suit in the District Court of Gray County, Texas, in which he sued to have the custody of the child changed from the child's mother to himself, the said George Marshall Johnson.

On July 5, 1956, after personal service on appellant in Hutcheson County, Texas,

executed on June 27, 1956, appellant filed her plea of privilege to be sued in Hutcheson County. In due time George Marshall Johnson filed his controverted affidavit seeking to retain venue in Gray County in the change of custody hearing.

On July 27, 1956, both parties appeared in said court for a trial on the plea of privilege to transfer the hearing for change of custody to Hutcheson County. Through statements and agreements of her counsel, appellant waived her plea of privilege and the Court rendered a judgment permitting the child to remain in the custody of its mother, appellant herein, and giving the father the right to have the child in his custody from the fourth Friday afternoon of each month until Sunday afternoon thereof. As long as the mother was living in either Gray or Hutcheson County she was to deliver the child to the sheriff's office of Gray County as near the hour of 7 p. m. each fourth Friday of the month as possible and the father was to deliver the child back to the same place each fourth Sunday afternoon as near 5 p. m. as practicable. The mother was to notify the clerk of the District Court of Gray County her address and post office box number in the event she left Gray and Hutcheson Counties.

On the fourth Friday in July, which was the next day after said judgment, the child was delivered in accordance with the judgment. Before the next fourth Friday in August appellant was in Corpus Christi, notified the Gray County District Clerk where she and the child were and delivered her to the sheriff's office in Nueces County on the fourth Friday in August for the child's father. The record is not plain as to where the father took her into his possession but the testimony does indicate that he brought her back to Gray County instead of delivering her back to her mother.

The next proceeding the record shows in the chronology of events is a purported

judgment rendered in the court below on August 31, 1956, reciting the judgment was rendered on the court's own oral motion entered in the cause on August 29, 1956. In said purported judgment the court declared that neither of the parents were fit persons to have the custody of their child, declared the child, Marshella Johnson, a dependent and neglected child and placed her custody in Mrs. Nina Spoonemore, the county welfare officer of Gray County, Texas. From this purported judgment the appellant has perfected her appeal to this court in twelve assignments of error. No oral arguments were presented to this court and only appellant filed a brief.

There is not anything whatever in the record before us to show by what authority the court below acquired jurisdiction over the child, Marshella Johnson, to declare her a dependent and neglected child. The judgment entered by said court on the 27th day of July 1956 had become a final judgment before the oral motion of the court on August 29, 1956. Rule 329–b, Texas Rules of Civil Procedure. Therefore, in the record before us, there does not show to have been anything pending before the court below concerning said minor child. Notwithstanding this fact, the statement of facts show the following proceeding to have taken place on August 29, 1956:

"The Court: Mr. Johnson, now, as explained to your attorney here, Mr. Waters, the question of declaring the child a dependent and neglected child will be before this Court Friday morning at ten o'clock. I don't know whether I will take it up right at that time or not, but some time during Friday, and this is being done on the further action of the Court in this case in regard to the custody of this child, and

upon the motion of the Court himself, * * *."

It has been held in this state that the judge of a district court cannot assume jurisdiction to modify a judgment awarding custody of a child in the absence of pleadings and on his own motion, Hardy v. McCulloch, Tex.Civ.App., 286 S.W. 629.

In the very recent case of Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79, 82, Mr. Justice Calvert writing for the Supreme Court of Texas said:

"While it has been held that a court may not take jurisdiction to adjudicate the custody of a minor on its own motion, Hardy v. McCulloch, Tex.Civ. App., 286 S.W. 629, writ refused, it has also been held that a child becomes a ward of the court when it is brought before the court for any purpose."

In the Knollhoff v. Norris case the child was *brought before the court* through a written pleading designated as "application for Writ of Habeas Corpus." Whereas, in this case there is not anything in the record to show how the court acquired jurisdiction to make the disposition he attempted to make of the child in question.

The proceedings for declaring a child a dependent and neglected child are statutory. We believe before a child is declared a dependent and neglected child the statutes should be at least substantially complied with. In this case clearly they were not complied with in any respect.

No purpose could be served in passing on the other assignments of error in this case. It is the holding of this court that the purported judgment of August 31, 1956, was void; accordingly, said judgment being of no force and effect, is reversed and the cause of action dismissed.