**Felicitas RODRIGUEZ, Appellant,**

**v.**

**Edna VELA, Appellee.**

**No. 15060.**

Court of Civil Appeals of Texas, San Antonio.

June 7, 1972.

Stanley Dalton Wright, San Antonio, for appellant.

Southers, Mendelsohn, Goldberg & Lyons, Inc., Howard S. Cole, San Antonio, for appellee.

KLINGEMAN, Justice.

An adoption proceeding. Appellee, Edna Vela, filed her petition for adoption of Michael Anthony Rodriguez, a minor son of appellant, Felicitas Rodriguez. Appellant filed a written consent to such adoption, but prior to a hearing thereon, withdrew her consent. She subsequently filed a motion to dismiss said petition for adoption and a hearing on said motion was set by the trial court. Upon such hearing, the trial court dismissed appellee's petition for adoption and further ordered that the rights of custody and care previously in

the natural mother, Felicitas Rodriguez, be terminated, and that she be declared an unfit mother; and the temporary care, custody and control of said child was awarded to the Bexar County Welfare Department. Appellant appeals from all of said judgment except that portion thereof that denies the right of appellee to adopt the minor child.

By four points of error appellant asserts that the judgment of the trial court should be reversed because: (1) it assumed jurisdiction over appellant's minor son on its own motion without proper pleadings or proper written petition, which action was in violation of Article V, Section 8, of the Texas Constitution, Vernon's Ann.St., (2) such judgment is neither supported, nor substantiated, nor founded upon any written pleadings necessary for such judicial action in violation of Rule 22, Texas Rules of Civil Procedure,[1] and Articles 2330 through 2337, Vernon's Annotated Civil Statutes;[2] (3) the trial court erred in rendering judgment as to the "fitness" of appellant in so much as the dismissal of an action precludes an adjudication of the rights of parties; and (4) appellant had no notice of the nature of the hearing in which the trial court adjudged her unfit, nor did the court give appellant a fair opportunity to appear and defend her interests at such hearing, and that such action by the court violates the due process clause of the Fourteenth Amendment of the United States Constitution.

It appears from the record that appellant is still married to the father of the minor child sought to be adopted, although they do not live together; and that appellant's husband signed a written consent to such adoption. The only petition in the record is appellee's petition for adoption. There are no allegations in such petition that appellant is an unfit mother; nor are there any other pleadings in the record seeking a

---

1. Rule 22, T.R.C.P., states: "A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."

2. These statutes are sometimes referred to as the Dependent or Neglected Child Statutes.

finding that appellant is an unfit mother or seeking a change in custody of appellant's minor child.

General control over minors is granted to the District Court by Section 8 of Article V of the Texas Constitution, the pertinent provisions of which read as follows: "The District Court shall have . . . original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law."

In discussing such general control the court, in Hardy v. McCulloch, 286 S.W. 629, 631–632 (Tex.Civ.App.—Waco 1926, writ ref'd), said:

"Original jurisdiction and control over minors is conferred by the terms of the Constitution on the district court, as distinguished from the judge thereof, and it is provided by the terms of that instrument that such jurisdiction and control shall be exercised under such regulations as may be prescribed by law. The Legislature has prescribed by law how such jurisdiction shall be exercised when a child is without means of support, is destitute, homeless, or abandoned, or is living in improper or vicious surroundings, or whose parent or guardian is unfit to have the custody or control of such child. Even in such extreme cases the law provides that the jurisdiction of the court shall be invoked by a written petition, duly verified, that a time for hearing the same shall be set, that notice shall be served on the parents or guardian, if any, and that on such hearing any interested party may appear by counsel and demand a trial by jury. Only after such hearing and upon findings of fact justifying the exercise of such jurisdiction and control can the court make an order for the care and custody of such child. R.S. arts. 2330 to 2337, inclusive."

Such constitutional provision places jurisdiction over the custody of minors in the district courts and empowers these courts to transfer such custody. Ex Parte Reeves, 100 Tex. 617, 103 S.W. 478 (1907). This power may be exercised as an incident to the granting of a divorce, Article 4639, V.A.C.S., or it may be exercised in an independent habeas corpus proceeding. Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187 (1949). In addition, under the dependent and neglected child statutes, Articles 2330 through 2337, V.A.C.S., a child may be found to be a dependent and neglected child and the custody of such child turned over to a suitable person or institution. The proceedings before us under which appellant was declared to be an unfit mother, her rights of custody and care terminated, and the temporary custody awarded to another agency or person, was neither a divorce proceeding, a writ of habeas corpus, nor a proceeding under the dependent and neglected child statutes, but an adoption proceeding.

The question before us is whether a district court in an adoption proceeding, after the natural mother has withdrawn her consent and filed a motion to dismiss the said adoption, can, after granting the motion to dismiss, proceed further on its own motion, without pleadings, declare the mother to be an unfit mother, terminate the rights of custody and care previously in the mother, and award the custody of said child to another person or agency.

As a general rule, the natural parent has a right to withdraw her written consent to an adoption, and such withdrawal deprives the court of any authority to permit the adoption. Boyed v. Wilson, 258 S.W.2d 223 (Tex.Civ.App.—Galveston 1953, writ ref'd); Williams v. Liles, 245 S.W.2d 551 (Tex.Civ.App.—Fort Worth 1952, no writ); Paschke v. Smith, 214 S.W.2d 205 (Tex.Civ.App.—Beaumont 1948, writ ref'd n. r. e.); 1 Tex.Jur.2d, Adoption, Section 23, pp. 704, 705. The trial court, in its Conclusions of Law, recognized this limitation, holding that the natural mother, Felicitas Rodriguez, had an unqualified right to withdraw the consent to adopt, and that the petition for adoption filed by appellant, Edna Vela, is dismissed

due to the withdrawal of the written consent by the natural mother, Felicitas Rodriguez.

■ Appellee asserts, however, that the jurisdiction of the district court was invoked by the filing of the petition for adoption by her; and that appellant by withdrawing her consent to the adoption and filing a motion to dismiss the adoption affirmatively invoked the jurisdiction of the court and put in issue her fitness as a parent and the custody of the minor child. Appellee cites Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953), to the effect that one cannot invoke the jurisdiction of the court to deal with the personal status or the person of a child, and at the same time, deny the power of the court in that proceeding to do with the child's person or his status whatever appears to the court to be for the best interest of the child.[3] We have no quarrel with this statement of law, but we do not agree that appellant invoked the jurisdiction of the court to have the rights of custody and control previously in her terminated and to declare her an unfit mother by withdrawing her consent to adoption and filing a motion to dismiss said adoption thereafter.

■ We recognize that the district courts have broad powers over the general control of minors, but such powers must be exercised in substantial compliance with the applicable statutes. We do not feel that there has been such substantial compliance here. See Terry v. Johnson, 301 S.W.2d 291 (Tex.Civ.App.—Amarillo 1957, no writ).

■ There is another reason why the action of the trial court was improper. The only hearing in the trial court was on a motion to dismiss appellee's petition for adoption, after appellant had withdrawn her written consent to such adoption. The trial court granted appellant's motion to dismiss and dismissed the petition for adoption. This effectively disposed of the adoption proceedings, and there was nothing before the court in which further action could be taken. The effect of the dismissal was to place the parties in the position that they were in before the court's jurisdiction was invoked, just as if the suit had never been filed. Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962).

■ Under the record before us the trial court erred in declaring appellant an unfit mother and terminating the rights of custody and care previously in her and in awarding the temporary care, custody and control of the minor child, Michael Anthony Rodriguez, to the Bexar County Welfare Department.

The judgment of the trial court in holding that the rights of custody and care previously in the natural mother, Felicitas Rodriguez, be terminated and that she be declared an unfit mother and awarding the temporary care, custody and control of said child to the Bexar County Welfare Department, is reversed and the judgment is reformed to delete therefrom all such portions of such judgment.

CADENA, Justice (concurring).

In view of the partial dissenting opinion filed by the Chief Justice, I consider it appropriate to state my reasons for joining in the holding that the portion of the order awarding temporary custody of the child to the Bexar County Welfare Department is invalid.

I do not question, nor do I construe Justice Klingeman's opinion as questioning, the power of a district court to take a child temporarily from its legal custodian in order to protect the welfare of the child until a final determination can be made on the question of custody in a pending suit.

3. In *Knollhoff* the father had filed an application for a writ of habeas corpus in which he asserted that he, as the surviving parent of the minor child, was the only person to have the care, custody and control of such minor.

The question in this case does not involve the existence of this admitted power, but, rather the manner in which the court's jurisdiction is invoked.

In Page v. Sherrill, 415 S.W.2d 642 (Tex.1967), the temporary custody order was entered in a proceeding in the nature of habeas corpus which sought a termination of the custodial rights of the mother and the award of custody to the maternal aunt and uncle of the children. The petition alleged that if the children were allowed to remain in the custody of the mother they would suffer "irreparable and permanent" injury to their health and safety, and that it was "'. . . dangerous for them to be in such condition * * *.'" 415 S.W.2d at 644. On the basis of such allegations, the district court entered an order, without notice to the mother, reciting the danger of irreparable injury and awarding temporary custody to a public agency pending a final determination of the custody question which was raised by proper pleadings.

*Page* does no more than affirm the power of a district court to enter such temporary order without notice to the parent, in a case where the original jurisdiction of that court to control minors has been properly invoked by pleadings raising the issue of custody. There is nothing shocking about such a holding. The power of a court to take necessary action, in order to avoid irreparable harm, without notice to the party affected, in a case in which its jurisdiction has been properly invoked, has long been recognized. For example, a court may issue a temporary restraining order without notice. But this can be done only where there are proper pleadings invoking the jurisdiction of the court in the first instance.

It is no answer to say that the filing of the adoption petition properly invoked the court's jurisdiction over the child. Even if this be conceded, does this jurisdiction continue when the adoption proceedings, which constitute the only basis for vesting the court with control over the minor, have

been dismissed? Suppose that H sued W for divorce and W filed a plea in abatement based on the fact that H does not meet the residence requirements. May the court sustain the plea in abatement, dismiss the divorce proceedings and, at the same time, enjoin W from disposing of the community assets pending determination of the merits of a divorce action which is no longer pending? The answer is clear. The dismissal of the action which clothed the court with power to deal with the subject matter of the suit necessarily divests the court of that power.

We cannot remand the custody issue for a full hearing on the merits. There is no case pending in which the court can make a final determination. There are no pleadings asking the court to make such a determination. What case are we remanding? There is no case pending in the district court in which pleadings have been filed by any party authorizing the court to make a final order concerning the custody of the minor. Is the temporary order, entered in a case which is no longer on the docket, to form the basis for the entry of a final order in a non-existing case?

Since the adoption proceeding has been dismissed, it cannot be said that the temporary order is justified by the necessity of protecting the child pending a final disposition of the adoption case. No petition seeking to have the child declared dependent and neglected is pending. No divorce proceeding is pending. No petition for habeas corpus is pending. Nothing is pending concerning the welfare of the child to which the temporary order might be considered ancillary.

The case before us differs from Green v. Green, 146 S.W. 567 (Tex.Civ.App.— Amarillo 1912, writ dism'd), in which the petition on file showed on its face that some order of the court was necessary to properly protect the child until a final hearing could be had on the question of custody. The petition for adoption in the case before us gives no hint that the welfare of the child is being endangered. Even if we

look to the statement of facts, the evidence conclusively establishes that at the time the petition was filed, and at the date of the hearing, the child was receiving proper care. There is nothing in the testimony to suggest the existence of conditions which constitute a threat of any kind to the welfare of the child. We simply have a case where neither the pleadings nor the evidence suggest that there exists a "situation of emergency" which may ". . . demand *immediate* action by the courts." in order that they may effectively discharge their responsibility to protect minors. Page v. Sherrill, supra, 415 S.W.2d at 645.

The case before us also differs radically from Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953), where the party challenging the power of the district court to make a determination of custody was the very party who had invoked the jurisdiction of the court to deal with the personal status of the child. It is conceded that appellee ". . . had the unconditional right to withdraw her consent at any time before the court acted on the petition for adoption." Wilde v. Buchanan, 157 Tex. 606, 305 S.W.2d 778 (1957). To say, as the appellee contends, that the exercise of this right entailed investing the district court with power to determine the matter of custody is to make the right substantially less than an "unconditional" one.

BARROW, Chief Justice (concurring and dissenting in part).

I concur in the holding that the trial court erred in declaring appellant an unfit mother; however, I respectfully dissent from the holding that the trial court lacked the judicial power to award the *temporary*

care, custody and control of the minor child to the Bexar County Welfare Department.

This question was recently considered in Page v. Sherrill, 415 S.W.2d 642 (Tex.1967), and after a full review of the authorities, the Supreme Court expressly held that since the district courts are vested with general supervisory control of minors, it has the implied power where immediate action is required to temporarily take a child from the possession of its legal custodian, with or without notice, pending a full hearing.[1]

The child was brought before the court by the petition for adoption. The evidence, including the investigation of the former environment and antecedents of the child as required by Article 46a., Section 2, Vernon's Annotated Civil Statutes, convinced the trial judge that immediate action was required regarding the temporary custody of the child. In Leithold v. Plass, 413 S.W.2d 698, 701 (Tex.1967), the Supreme Court recognized that "[t]echnical rules of practice and pleadings are of little importance in determining issues concerning the custody of children."

Obviously, the order before us did more than simply "dismiss the petition for adoption." In fact it is styled "Final Judgment Dismissing Application for Adoption and Declaring Natural Mother Unfit and Order Granting Temporary Custody of a Minor." Furthermore, it is seen that the order expressly directed that Bexar County Child Welfare have temporary care, custody and control of said child ". . . until further orders of this court." Such order, as in *Page*, ". . . contemplates only a temporary interruption of custody to be

---

1. Page v. Sherrill, supra, 415 S.W.2d at page 645: "Since the district courts are vested with general supervisory control of minors, they are charged with the profound responsibility of protecting their health and safety. Effective discharge of this responsibility under situations of emergency will sometime demand *immediate* action by the courts. Such action may, by necessity, consist of a temporary taking of a child from the possession of its legal custodian, with or without notice, pending a full hearing. It follows that the district court's power to enter such temporary orders is implied since it is necessarily incidental to the power of general control over minors granted to the district courts by section 8 of Article V of the Texas Constitution."

followed by proper notice, appropriate pleadings, and a full hearing . . . ."

I would sever and remand the issue of care and custody of the minor child to district court for such full hearing. See Hendricks v. Curry, 401 S.W.2d 796 (Tex. 1966).