**HALE v. BERGER et ux.     (No. 6448.)**

(Court of Civil Appeals of Texas. Austin. May 31, 1922.)

**1. Adoption ☞3—Statute regulating adoption not retrospective.**

Acts 36th Leg. (1920) 3d Called Sess. c. 62 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3, 4), providing that parents of a child who, by written instrument, permit it to be adopted by others, or who have abandoned it for three years, shall be barred from exercising any authority over the person of the child or its estate, as against the person adopting it, is not retrospective in effect.

**2. Habeas corpus ☞85(1)—Burden of proof is on party seeking to keep custody of child from parent.**

In case of dispute as to the right to custody of a child between its natural parent and its foster parents, although the paramount question is the welfare of the child, the burden of proof is on the party denying the right of the natural parent to its restoration.

**3. Habeas corpus ☞99(8)—Leaving child in custody of foster parents held within authority of court.**

Where, on divorce of a wife, though no disposition of her children was made, the husband, by common consent, took charge of the children and permitted defendants to legally adopt one of them, and provided for the child, and the mother was unable to properly care for it, a decision in habeas corpus by the mother to gain possession of the child, remanding the child to the custody of defendants, was within the authority of a trial court.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Habeas corpus proceedings by Mrs. Dena Hale against H. T. Berger and wife. From judgment for defendants, plaintiff appeals. Affirmed.

Jas. E. Yeager, of Waco, for appellant.
J. D. Willis, of Waco, for appellees.

BRADY, J. This is a habeas corpus proceeding, brought by appellant, Mrs. Dena Hale, for the custody of her child, who, at the date of the trial, was not quite 12 years old. The child was then in the custody of appellees, H. T. Berger and wife. The court heard evidence and awarded the custody of the child to appellees, and also issued an injunction, the terms and effect of which will be hereafter stated.

The issues are sufficiently indicated by the findings and conclusions of the trial court, which are as follows:

"Findings of Fact.

"I find that Mrs. Dena Hale, relator, is the mother of Leotha Verdell, now called Evylin Berger; that on or about the 1st day of January, 1913, the said Mrs. Dena Hale, whose name was then Dena Verdell, was divorced from her husband in Falls county, Tex.; that at that time the said Mrs. Dena Hale had four children by her said husband, Elija T. Verdell, to wit, Minnie Verdell, Willie Verdell, and Leotha and Lorena Verdell; that no disposition was made of their children in said divorce case, but Elija Verdell by common consent, took charge of said children and brought them to McLennan county; that thereafter his financial circumstances became poor, and he was unable to care for said children; that he advertised in the paper for homes for said children; that thereafter said children were taken in charge by the probation officer of McLennan county, and a complaint in due

form was duly filed in the county court of McLennan county, sitting in juvenile matters, and that on the 18th day of January, 1913, the father of said children appeared in said court with said children and represented their interest, and that upon hearing thereof said children were duly adjudged to be dependent children, and the following decree was entered therein:

" 'Dependent Juvenile Record, County Court, ―― County, Tex. Ex parte Minnie Verdell et al., Juvenile. No. 5. Petition filed 18th Jan., 1913. Citation issued. Case set for hearing the 1st day of ――. Names of Witnesses. Referred to Probation Office Jan. 18th, 1913. State of Texas, McLennan County. In the County Court of McLennan County, Tex., Sitting as a Juvenile Court in Said County. On this day came on to be heard the petition of Wm. Lambdin before Geo. N. Denton, county judge of McLennan county, Tex., alleging certain facts tending to constitute said Minnie Verdell, Willie Verdell, and Opha Verdell, dependent children, whereupon came Elija Verdell (father) in person appointed by the court as a suitable person to represent said child in said cause. And it appearing to the court that citation had been issued and duly waived, as required by law, and the court having jurisdiction of the subject-matter and of the parties, and a trial by jury being waived, and all matters of evidence were submitted to the court. It appearing to the court that said children Minnie Verdell, Willie Verdell, and Opha Verdell are each under 16 years of age, and that the evidence adduced shows them to be dependent children, it is therefore ordered, adjudged, and decreed by the court that said children are dependent children and wards of this court, and subject to this and all further orders of this court until finally discharged. Done in open court this 18th day of January, 1913. Geo. N. Denton, County Judge of McLennan Co., Tex., Sitting as Juvenile Court in Said County.'

"That on same day that the judge of said court entered the following order, placing the said children, among them being Leotha Verdell, referred to in said decree as Opha Verdell, in the custody of the probation officer of McLennan county, with instructions to place said children in suitable homes, to wit:

" 'Order of Commitment to Individual. In the above-entitled cause, it appearing to the court that it is to the best interest, morally and physically, of the children Minnie Verdell, Willie Verdell, and Opha Verdell that they be turned over to the care and custody of Wm. Lambdin, probation officer, a suitable person residing in McLennan county, Tex., it is therefore ordered, adjudged, and decreed by the court that the said children be turned over to the care and custody of Wm. Lambdin, probation officer, subject to the following stipulations: With authority to secure homes for said children and that said children shall be under further orders of the court. And it is further ordered that the said Wm. Lambdin has the right to the custody of said children, subject to the further orders of this court. Done in open court this 18th day of January, 1913. Geo. N. Denton, Co. Judge of McLennan Co., Tex., Sitting as a Juvenile Court in Said County.'

"That thereafter, about January 20, 1913, the probation officer of McLennan county placed the child Leotha Verdell in the custody and possession of the respondents, H. T. Berger and wife, Etta Berger, and that she has remained in their custody since that time; that on or about the 15th day of February, 1913, the said Elija Verdell, father of said child, executed and delivered to H. T. Berger and wife, Etta Berger, a written transfer of his custody and care over said child, which transfer was duly acknowledged in form as provided by statute; that on the 15th day of February 1913, the said H. T. Berger and wife, Etta Berger, duly and legally executed adoption papers adopting the said child as their heir, as provided by chapter 1, tit. 1, of the Revised Statutes of the state of Texas, which adoption papers were duly acknowledged and recorded in the office of the county clerk of McLennan county, Tex.

"(2) I find that at the time the proceedings were had declaring said child to be a dependent child the said Mrs. Dena Hale resided in Falls county, Tex.; that she had abandoned said child, and that all the proceedings had in the juvenile court were regular, but that the papers in said cause cannot be found; that said papers were recently delivered to James E. Yeager, attorney for the relator; and that he now represents that he is unable to find same.

"(3) That the relator took no legal action to recover the custody of the said child until a few months ago, when some sort of petition was filed in the court of San Marcos seeking to recover said child, and to recover a money judgment for the value of her services.

"(4) That a short time prior to the 17th day of December, 1920, relator filed an application in the probate court of McLennan county to have a guardian appointed for said child, and that thereafter she was appointed guardian of the estate of said minor child, said minor at that time residing in Bell county, Tex.

"(5) I find that the mother of said child, after her divorce from Verdell, married one Hale, from whom she is now divorced, and that she now resides in Waco, Tex., and that she has in her possession two of her said children, who are 14 and 16 years of age respectively; that she earns about $40 a month, and has one furnished room rented for her use at $3.50 per week; that the other two children are working in Waco as day nurses for children, at wages of $5 and $6 per week, respectively; that when children are not working they all occupy the same bed in the one room rented by Mrs. Hale; that said children are not in school; and that Mrs. Hale is not financially able to take care of the child in question.

"(6) I find that H. T. Berger and wife, Etta Berger, are good people, who love Leotha Verdell and are very much attached to her, and that she is attached to them; that Mr. Berger earns about $150 per month, and his house rent free; that he owns an automobile, and is sending the child to school and furnishing her with clothing suitable to her position in life, and is furnishing her with medical attention and such other necessities as she needs.

"(7) I find that the child believes that Mr. and Mrs. Berger are her father and mother; that she is happy and contented where she is; that said Mrs. Berger is a member of the church, and that both of said respondents, Mr. and Mrs. Berger, together with said child, attend church and Sunday School regularly; that they are people who are able and capable to properly care for said child, and are willing to do so; that they have no children of their own.

"I find that Mr. and Mrs. Berger are suitable persons to have the custody of said child, and that it is to the best interest of said child that it remain in their custody.

"(8) I find further that the said Mrs. Dena Hale and her attorneys, J. E. Yeager and J. E. Synnott, are making various efforts to interfere with the custody of said child, and to inform it of the fact that Mr. and Mrs. Berger are not its parents, and that, if said child is informed of said fact, it would bring about a conflict in its mind, arousing a suspicion as to its legitimacy, and would tend to hinder and embarrass its development and education.

### "Conclusions of Law.

"My conclusions of law are that the judgment of the juvenile court awarding the custody of the said child to the probation officer with instructions to place the same in a suitable home are regular and are binding upon the parties herein.

"I conclude that the father of said child has legally transferred his custody to Mr. and Mrs. Berger, and that they have legally adopted said child.

"I conclude further that it is to the best interest of the said child that she remain in the custody of Mr. and Mrs. Berger, and that they are legally entitled to the custody of said child, and it is so ordered.

"I further conclude that Mr. and Mrs. Berger are entitled to an injunction against Mrs. Dena Hale and her attorneys, James E. Yeager and J. E. Synnott, restraining them from in any wise interfering with Mr. and Mrs. Berger and said child, or with the custody thereof, and it is so ordered.

"I further conclude that it has been more than three years since the said child was abandoned by its mother, Dena Hale, and since its adoption by Mr. and Mrs. Berger, and since the father of said child transferred his custody of said child, and that the claim of the said Mrs. Dena Hale for said child is barred by the article 4 of the Revised Statutes of the State of Texas, as amended by the Third Called Session of the Legislature, 1920, p. 115."

### Opinion.

It will be observed that the judgment of the court below is, in part, referable to the legal conclusion that the judgment of the juvenile court was valid and binding upon the parties. If the statute (chapter 1, tit. 38, Revised Statutes) commonly known as the dependent child statute is constitutional, there would seem to be no room for doubt that this conclusion of the trial court would alone justify the remanding of the child to the custody of appellees. This court, in Craven v. Whittenberg (Tex. Civ. App.) 216 S. W. 251, held the statute constitutional, and further held that the county court, sitting in juvenile matters, had jurisdiction to award the custody of children under the terms of the statute. However, the Supreme Court has granted a writ of error in that case, and has indicated its doubt as to the constitutionality of such statute, referring in the memorandum, on writ of error, to Ex parte Reeves, 100 Tex. 617, 103 S. W. 478. In view of this, we do not feel warranted in resting the decision upon the ground of the former judgment.

[1] Another conclusion of the trial court was that the claim of appellant to the custody of the child is barred by Acts of the Third Called Session of the Thirty-Sixth Legislature, c. 62, p. 115 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3, 4). We have examined this statute, and do not find anything therein to indicate the intention that it should have a retrospective operation. Unless it should be given that effect, the period of abandonment contemplated was not sufficient at the time of the trial to bar appellant's rights. Therefore we are unwilling to affirm the judgment upon this ground.

[2] We are thus confronted with the question whether, under other findings and conclusions of the court, the judgment is to be upheld. The legal principles determinative of this matter are stated in Legate v. Legate, 87 Tex. 248, 28 S. W. 281, and State v. Deaton, 93 Tex. 243, 54 S. W. 901. These cases recognize that the paramount question is the welfare of the child, but that the burden of proof is not upon the parent seeking to recover its custody, but is upon the party denying the right of the parent to its restoration. In the latter case it is pointed out that the sundering of the natural ties between parent and child will always be approached by the courts with great caution, and that it will be presumed that the interests and welfare of the child will be best promoted by the natural and legal guardianship of the parent. Yet it is distinctly recognized that it becomes the duty of a court, in a proper case, to protect the child and to provide for its proper nurture and education, notwithstanding the exercise of this duty places the custody even in the hands of strangers.

[3] With these principles constantly in mind, we have given very careful consideration to the facts of this case, and with reluctance. it must be confessed, we have reached the conclusion that we would not be warranted in holding that the trial court exceeded its authority in remanding the child to the custody of appellees. It was undoubtedly a delicate question for the trial court to decide, as was said in Burchard v. Woodward (Tex. Civ. App.) 223 S. W. 707. But we think the peculiar facts here warranted the judg-

ment rendered. We shall as briefly as may be advert to the salient facts which are thought to sustain this conclusion.

The evidence sustains these findings: Mrs. Hale was divorced from her husband in Falls county in 1913. At that time she had four children, and no disposition of them was made in the divorce suit. The husband, by common consent, took charge of the children and brought them to McLennan county, and through extreme poverty he was compelled to advertise for homes for the children. Within a couple of weeks after the divorce the children were all adjudged dependents, and were placed with the probation officer to find suitable homes. Within a few days thereafter the child in controversy here was placed with appellees, and the father shortly afterwards executed a . written transfer of her care and custody under the statute, and appellees duly and legally adopted her, and have had her ever since. Mrs. Hale, to all practical purposes, abandoned the child until shortly before this suit was brought, when she obtained guardianship papers in the probate court of McLennan county. Appellant again married and was again divorced. She has two of her children, 14 and 16 years of age, respectively, working as day nurses for children, and they are without schooling. Mrs. Hale's earnings are meager, and she is not financially able to take care of this child. The child has a good home with appellees, and there is a mutual attachment. Appellees have a good living, and send the child to school, furnishing her with clothing and all other necessaries, and are looking after her moral and spiritual welfare. They have no children of their own, and are willing to continue to care for, educate, and rear the child, and are suitable persons to have her custody. It is to the best interest of the child in these circumstances that she remain in the custody of the Bergers. The eighth finding of fact, the basis of the injunction, is also sustained by the evidence.

It is proper to say that our conclusion that the judgment should not be disturbed is strengthened by the consideration that, in this character of proceeding the interest and welfare of the minor is always a continuing matter of concern with the courts. A judgment awarding custody is always subject to modification or change whenever conditions arise requiring the exercise of the power. This is true of the main decree, and, a fortiori, is true of the injunction. The latter is not in terms made perpetual. In the very nature of the case it should not be so interpreted. And we hold that, notwithstanding the terms of the injunction, if at any future time it should be made to appear by the relator that it would be to the best interest of the child that she should communicate with her mother, and even that it should be for the best interest of the child that she should learn of her true parentage, the trial court has the power, and should exercise it, to modify the decree so as to permit communication between the mother and the child, upon such reasonable terms and conditions as may be prescribed. In other words, our affirmance of the main decree and the injunction is without prejudice to the right of appellant and her attorneys to apply for a modification whenever' a change of conditions or circumstances render it proper and to the best interest of the child, with due regard to the natural rights of the parent, to do so.

For the reasons indicated, the judgment will be affirmed.

Affirmed.