**PICKETT v. BUSH, District Judge, et al.**

**No. 12494.**

Court of Civil Appeals of Texas. Dallas.

May 22, 1937.

Rehearing Denied June 19, 1937.

S. L. Lewis, of Dallas, for relator.

S. Austin Wier, of Dallas, for respondents.

Earl R. Parker, Probation Officer, of Dallas, pro se.

JONES, Chief Justice.

Warren Gaston, a small child and the son of respondent R. C. Gaston, was declared, by the former judge of the court of said Sixty-Eighth judicial district, a dependent and neglected child, on October 13, 1933, under proper proceedings in said court. The order entered is: "It is therefore ordered, adjudged and decreed by the court that said Warren Gaston be, and he is hereby declared a dependent and neglected child, and is a ward of this court and subject to its further orders until he reaches the age of 21 years, and the above ward

is hereby placed in the care and custody of Miss Blanche Pickett, maternal great aunt, 4808 Cole Avenue, Dallas, Texas, until further orders of this court." This order is signed by the Honorable T. A. Work, then judge of said court.

The child remained, at least in the constructive, if not in the actual, possession of Miss Pickett, and her possession was undisturbed, until about March 30, 1937, when the father of the child filed a petition in said district court, praying that he, as father of the child and its natural guardian, be given custody and control. At this time the child was in the home of relatives, by the name of Arthur Beasley and Mrs. Bama Beasley, at their home in Callahan county, Tex. It appears that this residence in Callahan county by the child was occasioned by its visit to the Beasley home, while Miss Pickett was in a sanitarium at San Angelo, Tex., probably suffering from tuberculosis, and she was not made a party to the suit filed by R. C. Gaston, or served with notice thereof. A trial was had on this petition, with Mr. and Mrs. Beasley in court, and Miss Pickett not represented and presumably unable to attend. The case was tried, evidence given, and, at the conclusion of the evidence, respondent Judge Paine L. Bush entered a temporary order placing the custody of the child, after April 15, 1937, with respondent R. C. Gaston, until Miss Pickett was able to come to court and present her claim to the continued custody of the child.

A petition was filed by Miss Pickett, praying that this court issue a mandamus, directing the court to set aside the order awarding R. C. Gaston temporary custody of the child, on the ground that, as against her, such order is void, for the reason that the court never obtained jurisdiction of her person, and to order the court to proceed to trial on the issues made by the petition after service on Miss Pickett.

The proceeding for mandamus is brought under the provisions of article 1824, R.C.S., as amended by Acts 1929, c. 33, § 1 (Vernon's Ann.Civ.St. art. 1824), which reads: "Said Courts [Courts of Civil Appeals] or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

■ It will be noted that the right of mandamus, under this statute, is necessarily based upon a refusal of a court to try a pending case. We do not doubt, if the court by this order had disabled itself from trying this case as between Gaston and Miss Pickett, and that such order is void, this court would have the right to issue the writ prayed for. However, instead of the court disabling itself by the instant order, the order provides for the trial of the case as soon as Miss Pickett is able to attend court, and as soon as the cause could be tried in obedience to a writ of mandamus.

■■ By the first judgment entered in October, 1933, this child was made a ward of the Sixty-Eighth judicial district court, and the best interest of the child, its future custody, and all things pertaining to its welfare, became vested in said court. This custody carries with it a broad discretion of the judge of said court, in passing upon any matter concerning the welfare of the child. While the judgment is not binding on Miss Pickett, yet she is given the right to have it set aside at any time. The wisdom of the order or whether it is for the best interest of the child is not before this court on the mandamus proceeding, but can only be brought before this court by an appeal from a final judgment.

We therefore conclude that the petition for writ of mandamus must be denied, and it is so ordered.

BOND, Justice (dissenting).

The record in this case shows that, in 1933, the infant child, Warren Edward Gaston, was abandoned by both his mother and father. Earl Parker, in his capacity as probation officer of Dallas county, Tex., filed in the Sixty-Eighth district court of Dallas county delinquency proceedings against said minor, and, on hearing, the Honorable T. A. Work, then judge of said court, declared him to be a delinquent and awarded his care and custody to Blanche Pickett. Since said time, Blanche Pickett has had the infant in custody, caring for and furnishing him with a suitable and comfortable home, supplying him with all the necessary means for care and comfort, and administering to his wants and needs.

The said probation officer, under authority of law (article 5142, R.S. as amended by Acts 1927, c. 228 [Vernon's Ann. Civ. St. art. 5142]), representing the best interests of the said infant, furnished to the court information concerning said minor, testifying, in this case, that his care and welfare

in the custody of Blanche Pickett were not detrimental to his health and morals, and that the home she furnished and in which she kept said infant was a suitable place for his care and welfare. The father, R. C. Gaston, since his abandonment of the child, has contributed nothing to his comfort or necessaries of life.

On March 30, 1937, R. C. Gaston filed a petition in said district court against Blanche Pickett and others, seeking the custody and control of said minor, alleging no ground as existing detrimental to the best interest, health, or morals of said child, but basing his claim solely on the ground that he was the child's father and, by virtue thereof, entitled to his custody.

The Honorable Paine L. Bush, who had succeeded to the judgeship of said court, without notice or citation on Blanche Pickett, and over the protest of said probation officer of Dallas county, and, without the knowledge of Blanche Pickett, heard the petition and entered on his docket what he terms to be a temporary order, divesting Blanche Pickett of the custody and control of said infant child and directing "the temporary custody of the minor, Warren Edward Gaston, be placed jointly in the juvenile authorities and R. C. Gaston, to be, after April 15, 1937, kept in the home of R. C. Gaston, pending the ability of Blanche Pickett to appear in this court, after legal notice served, and present such matters to the court as may be proper herein." Thus, the order divests Blanche Pickett of her rights and privileges in and to said infant and calls upon her to make her appearance and show cause why the order made should not be made permanent.

Articles 2329 to 2338, R.S.1925, deal with neglected and dependent children; the jurisdiction of the district courts over such matters, and the manner of trial and disposition to be made of such children. The statutes provide that citation shall be issued and served upon the parents, guardian, or the one having the custody of such child, and that the cause be tried "as in other cases."

In the case of Hardy et al. v. McCulloch et ux., 286 S.W. 629, 631 (writ of error refused), the Waco Court of Civil Appeals, having before it a cause very similar to the one at bar, said:

"The Legislature has prescribed by law how such jurisdiction shall be exercised when a child is without means of support, is destitute, homeless, or abandoned, or is living in improper or vicious surroundings, or whose parent or guardian is unfit to have the custody or control of such child. Even in such extreme cases the law provides that the jurisdiction of the court shall be invoked by a written petition, duly verified, that a time for hearing the same shall be set, that notice shall be served on the parents or guardian, if any, and that on such hearing any interested party may appear by counsel and demand a trial by jury. Only after such hearing and upon findings of fact justifying the exercise of such jurisdiction and control can the court make an order for the care and custody of such child. R.S. arts. 2330 to 2337, inclusive.

"Except in divorce cases, the Legislature has made no specific provision regulating exercise of such jurisdiction and control over minors when the issue to be determined is which of two or more parties claiming the right to the custody and control of a minor is entitled thereto. Such an issue may be raised by a petition setting out the facts upon which the petitioner's claim to the custody and control of a minor child is based, and praying for a writ of habeas corpus commanding the party in actual custody or control of such child to produce it in open court. The defendant in such writ may of course contest the allegations of such petition and set up facts tending to show that the petitioner is not entitled to the custody and control of such child, and that he or some third person is entitled to such custody and control. Such a proceeding is merely a civil suit within the meaning of our Constitution and laws. Legate v. Legate, 87 Tex. 248, 250 et seq., 28 S. W. 281; Finney v. Walker (Tex.Civ. App.) 144 S.W. 679, 681, par. 3; Vickers v. Faubion (Tex.Civ.App.) 224 S.W. 803, 804, 805; 31 C.J. p. 993, § 12."

A careful consideration of the above statutes and the adjudicated cases of this state show conclusively that service of citation and judicial notice must be given to the custodian of minor children, whose rights are affected by the proceedings, thus giving them an opportunity to be heard in the matter before being deprived of rights and privileges legally conferred upon them. Furthermore, the statutes provide that "any interested party may appear by counsel and demand a trial by jury." The record in this case shows that interested parties, other than Blanche Pickett, did appear and demand of the trial judge a trial by jury and sought the permission of the court to file answer and other pleas con-

troverting the petition of R. C. Gaston, contesting his claim to have the custody and care of said child taken from Blanche Pickett. The trial judge not only refused the petition for a trial by jury, but refused to the interested parties the right to file an amicus curiae plea in behalf of Blanche Pickett, who, it was claimed, was sick and unable to present her claims to said child.

The Commission of Appeals, in an opinion written by Justice Speer, in the case of Thomason et al. v. McGeorge, 285 S.W. 285, 286, said: "We are not to be understood as holding the father was not entitled to notice. We think he was. The statutes recognize the rights of the natural guardian, and of the testamentary guardian, without appointment of the court; and, where one's rights are thus so clearly assailed, he should have notice and opportunity to be heard, before being deprived of them." So, I think there can be no question but that Blanche Pickett, appointed by the court as the legal guardian and custodian of said minor child, was thereby vested with all the rights and privileges of the child's natural parents, which, in my opinion, could not be taken away from her without due process of law. Citation or legal notice is essential to deprive a party of rights and privileges in wards intrusted in his care and custody, and is necessary to confer jurisdiction on trial courts to effectively change such care and custody to another. Courts cannot make temporary orders, divesting a party of property, rights, or privileges, without due notice and giving such party an opportunity to be heard in his own defense in the manner prescribed by law. This court has repeatedly condemned the granting of temporary injunctions, appointment of receivers, and such like writs and processes by trial courts, thus depriving parties of property, rights, and privileges without an opportunity to be heard, declaring that such summary proceedings are contrary to all principles of right and justice; obnoxious to our form of government, depriving a party of his property, rights, and privileges without due process of law. The order of the learned trial judge in this case being void and the record showing that no right of appeal exists to the aggrieved party, I think, gives rise to the jurisdiction of this court to issue a mandamus compelling the respondent Paine L. Bush to set aside the void order and proceed to trial of the cause in a manner prescribed by law.

The jurisdiction of Courts of Civil Appeals is based upon the provisions of section 6 of article 5 of the Constitution of Texas; the germane part thereof reads: "Said courts [Courts of Civil Appeals] shall have such other jurisdiction, original and appellate as may be prescribed by law." Thus, in keeping with this provision of the Constitution, the statutory enactment concerning the jurisdiction of said courts is contained in the following article of the Revised Statutes of Texas:

Article 1824 (as amended). "Said Courts [Court of Civil Appeals], or any Judge thereof, in vacation, may issue the Writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

The clause "to proceed to trial and judgment in a cause returnable as the nature of the case may require" clearly implies a trial of a cause in due order and under the terms and common usages of law. So, where a court has failed to proceed to trial in the manner thus expressly provided, and thereby deprived a party of property, rights, or privileges, from which no appellate jurisdiction can exist, Courts of Civil Appeals can, by writ of mandamus, and, I think, it becomes its solemn duty to compel such inferior courts to adjudicate the cause within the purview of the law. The failure to so try a case or proceed to judgment may very effectively deprive litigants of rights and privileges for which he would have no adequate remedy at law, but for the exercise of the power of an appellate court. Hence, it is fundamental that the existence of a superior court, with appellate jurisdiction, presupposes a supervisory control over proceedings of an inferior court to the extent that cases may reach a point where the superior court may exercise its appellate powers.

Mandamus is a remedial process, to remedy a wrong, to compel the performance of a duty. Although classed as a legal remedy, its issuance is largely controlled by equitable principles. The order here involved being void and of a temporary nature, effective until the relator, Blanche Pickett, shall voluntarily appear in court and claim her rights and privileges in the care and custody of said minor, takes away from her, without notice and without trial by jury, vested rights in said minor. I think the relator is entitled to a mandamus to remedy such wrong.

The majority, not being in accord with my view as to the jurisdiction of this court in the circumstances of this case, refuses relator's application for mandamus, and, this court having final jurisdiction of the cause, the writer, for the reasons above stated, deems it necessary to register a dissent; accordingly, the mandamus should issue.