## KELLY v. PAGE.

No. 2630.

Court of Civil Appeals of Texas. Waco.

Feb. 22, 1945.

Rehearing Denied March 29, 1945.

L. W. Shepperd and B. L. Bradley, both of Groesbeck, for appellant.

A. M. Blackmon and Carl Cannon, both of Groesbeck, for appellee.

HALE, Justice.

This is a habeas corpus proceeding for the custody of minor children. Appellee, the father of the four boys involved, instituted the suit in the 13th District Court of Navarro County against appellant as Superintendent of the State Orphans Home at Corsicana. Appellant answered with a plea in abatement and various allegations as to why the relief sought should be denied. Upon a hearing without the aid of a jury the court overruled the plea in abatement and rendered judgment awarding the custody of the children to their father. Appellant says the court erred: (1) in overruling his plea in abatement; and (2) in holding that the best interest of the minors required them to be delivered to appellee.

It was shown upon the hearing that certain prior orders and judgments had been rendered by the 87th and 77th Judicial District Courts of Limestone County, respectively, involving the custody of the same children. On November 9, 1936, the 87th Court rendered judgment in an uncontested suit granting a divorce to appellee's wife and awarding the custody of the children to her. On September 27, 1938, upon the application of appellee's former wife, but without notice to appellee, the 77th Court rendered judgment decreeing the boys to be dependent and neglected children and ordering them to be delivered to the sheriff of that county for delivery by him to the State School for Dependent and Neglected Children at Waco. It appears, however, that the boys were not delivered to the sheriff or committed to the school at Waco, but sometime in August, 1942, their mother placed them in the orphans home at Corsicana and thereafter she went to the State of Colorado where she now resides. On May 5, 1943, appellee filed in the original divorce suit in the 87th Court his application for an order awarding the custody of the children to him. On June 3, 1943 the 87th Court entered an order sustaining

a plea in abatement in that proceeding and dismissing the application of appellee. The present proceeding was instituted on June 24, 1944 in the county where appellant resides and where the children are presently domiciled.

Appellant contends that the present suit constitutes a collateral attack upon the prior judgment of the 77th Court and that the 13th Court did not have jurisdiction to grant the relief herein sought. He says when the 77th Court acquired jurisdiction over the person of the children and adjudged them to be dependent and neglected under the provisions of Arts. 2330 to 2337 of Vernon's Tex.Civ.Stats., its jurisdiction with respect to their custody was continuing and exclusive until each child should thereafter attain to the age of 21 years or until the custody of each should be otherwise disposed of by the 77th Court alone. In support of this contention he cites the following cases: De Witt v. Brooks, Tex. Sup., 182 S.W.2d 687; Matthews v. Whittle, Tex.Civ.App., 149 S.W.2d 601; Pickett v. Bush, Tex.Civ.App., 106 S.W.2d 845; Whatley v. Nelson, Tex.Civ.App., 86 S.W.2d 517; Hale v. Berger, Tex.Civ. App., 242 S.W. 338; Ex Parte Grimes, Tex.Civ.App., 216 S.W. 251; Ex Parte Garcia, Tex.Civ.App., 187 S.W. 410. He further contends that appellee's present action is identical with that asserted by him in the 87th Court and therefore the order of the latter court on June 3, 1943 is res adjudicata on the exclusive jurisdiction of the 77th Court; and that his plea in abatement should have been sustained because appellee's former wife was not made a party to the present proceeding. After a careful consideration, we have concluded that each of these contentions must be overruled for reasons which we shall note briefly.

 We find no provision in the statutes relating to a dependent or neglected child which expressly vests continuing jurisdiction over the custody of such child in the juvenile court exclusively, and we have found no case which holds directly that the statutes should be so construed. On the contrary, in the case of Hardy v. McCulloch, Tex.Civ.App., 286 S.W. 629, 632, (err. ref.) this court, after referring to Arts. 2330 to 2337, inclusive, held that the Legislature has made no specific provision, except in divorce cases, regulating the exercise of jurisdiction and control of minors when the issue to be determined is which of two or more parties claiming the right

of custody is entitled thereto; that such issue may properly be raised by a petition setting out the facts upon which the claim of the petitioner is based and praying for a writ of habeas corpus directed to the party in actual custody of the child; that the paramount issue to be determined in such suit is the welfare of the child; that a judgment in such a suit is res adjudicata of all matters affecting the issue existing at that time, but such judgment may be subsequently modified in proper proceedings when it is affirmatively shown that conditions existing at the time when such judgment was rendered have materially changed and that the best interest of the child will be conserved by changing the terms of such judgment; and that "the right to modify or set aside such a judgment is not confined to the court in which such judgment was rendered."

In the present proceeding there was pleading and proof tending to show that the conditions existing at the time when the prior orders and judgments were rendered in the 87th and 77th Courts had materially changed and that the best interest of the four boys would now be conserved by changing the terms thereof insofar as their present custody is concerned.

■ It has been repeatedly held by our courts that the custody of minor children, although once adjudicated in a divorce suit or in a proceeding for a writ of habeas corpus, may be modified or changed in a subsequent proceeding instituted in another court of competent jurisdiction upon a showing of changed conditions which materially affect the best interest of such children. The subsequent proceeding is regarded under such circumstances as a new and independent cause of action. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Oldham v. Oldham, Tex.Civ.App., 135 S.W.2d 564, (err. ref.). We see no reason why greater weight or dignity should be given to the judgment of a court of competent jurisdiction awarding the custody of minors under the statutes relating to dependent and neglected children than is given to a judgment awarding their custody under the divorce statutes or in a proceeding on application for a writ of habeas corpus.

■ We think it should also be noted that appellant is not related by the ties of blood, marriage or adoption to the minors here involved and hence he has no incidental right, natural or acquired, to their continued possession. On the other hand, since appellee is their father, his incidental right to their custody, although not absolute or unconditional, is nevertheless such as may not be completely ignored in the judicial determination of the paramount issue as to what is best at this time for the children. McCarroll v. Lakey, Tex. Civ.App., 157 S.W.2d 963 (err. ref.); Castro v. Castellanos, Tex.Com.App., 294 S.W. 525; Sanchez v. Garcia, Tex.Civ.App., 278 S.W. 868.

■ Appellee's former wife is not a party to this suit and consequently she is not bound by the terms of the judgment appealed from. While she would have been a proper party to the proceeding, in our opinion she was not a necessary or indispensable party. Tex.Jur. Vol. 32, pp. 13 et seq., par. 9, and authorities.

■ If the trial court was warranted under the evidence in overruling appellant's plea in abatement, as we think he was, then we cannot say there was error in holding that the best interest of the minors required them to be delivered to appellee. At the request of the court, a Field Supervisor of the Division of Child Welfare in the State Department of Public Welfare made a trip to Freeport, where appellee and his present wife now reside, for the purpose of investigating their current situation. She submitted to the court a lengthy written report on the result of her investigation. Upon the hearing she testified that she had been engaged in child welfare work for many years and had been with the Child Welfare Department for approximately eight years; and that in her opinion, based upon her investigation and the facts to which she had testified in open court, the best interest of these four children would be subserved and carried out by placing them in the custody of their father. No useful purpose would be accomplished by attempting to set forth a résumé of all the testimony of the various witnesses bearing on this paramount issue. It must suffice to say that we have reviewed all of the evidence and in our opinion it was sufficient to sustain the trial court's finding of fact to the effect that the highest welfare of the children would be conserved by awarding their custody to appellee.

Therefore, each of appellant's points of error is overruled and the judgment of the trial court is affirmed.