Harry B. SHRODE, Appellant,

v.

BOLES ORPHAN HOME et al., Appellees.

No. 6838.

Court of Civil Appeals of Texas. Texarkana.

Sept. 29, 1955.

Rehearing Denied Oct. 20, 1955.

Le Roy La Salle, Carthage, for appellant.

Fred V. Meridith, Terrell, for appellees.

DAVIS, Justice.

Margaret Ann Shrode, former wife of appellant, Harry B. Shrode, secured a divorce from appellant in the District Court of Gregg County on April 18, 1944, at which time the two children born of such marriage, the subject of this lawsuit, were awarded to Margaret Ann Shrode. On October 24, 1951, said children were declared by the District Court of Panola County sitting as a Juvenile Court, to be dependent and neglected children and their care, custody and control was awarded to Boles Orphan Home. Appellant sought by motion filed in the District Court of Panola County to have the order declaring said children dependent and neglected and awarding them to Boles Orphan Home modified. The motion was overruled on January 23, 1952.

This Court is not fully advised by the record of the pleadings and orders above set out.

On March 27, 1953, appellant filed an application for writ of habeas corpus in the District Court of Hunt County; which application was in fact a petition to modify the judgment of the District Court of Panola County in which said children were declared dependent and neglected and awarding their custody to Boles Orphan Home. In his petition appellant alleged a change of conditions subsequent to the date of the order of the District Court of Panola County denying appellant's motion to modify the judgment declaring said children dependent and neglected. Some of the allegations were that appellant had remarried, had a good and sufficient home in which to keep said children and that his present wife was not only willing to take the children, but wanted them. Further, that appellant was making in excess of $3,000 per year and that the best interest of said children would be best served if their care, custody and control were awarded to appellant. To this pleading in Hunt County appellees Boles Orphan Home and Gayle Oler, individually and as superintendent of said home, filed what they designated as a plea in abatement and motion to quash the writ of habeas corpus. As a basis for the plea in abatement and motion to quash the writ of habeas corpus and to dismiss the suit, appellees pleaded that the District Court of Panola County had continuing jurisdiction of said minors by virtue of Articles 2335, 2336, 2337 and 2338-1, Vernon's Ann.Civ.St., and that such jurisdiction was exclusive to all other courts.

On April 28, 1954 (13 months and one day after the suit was filed in Hunt County), a hearing was had by the district court in Hunt County and upon such hearing, before the court, the court found in part as follows: "* * * and the Court after hearing defendants' plea in abatement and motion to quash the writ of habeas corpus heretofore issued herein and to dismiss said cause is of the opinion that said plea in abatement and motion of the defendants to quash the writ of habeas corpus should be in all things sustained, the court finding as a fact that the minor children involved herein have heretofore to-wit, on the 23rd day of January, 1952, in the District Court of Panola County, Texas, in cause No. A-354 on the docket of said court, been declared neglected and dependent children * * *" The court went on to find as a fact that substantially the same condition existed on that date as on the date said children were declared dependent and neglected. Following that finding, the court ordered: "It is therefore ordered, adjudged and decreed that Defendants Plea in Abatement and Defendants Motion to Quash the writ of Habeas Corpus heretofore issued herein be and the same are hereby sustained and

this cause is hereby dismissed." Then and there, as we construe the judgment of the court of Hunt County, the case was dismissed because the judge of the Hunt County District Court hearing the case did not believe he had jurisdiction over said minor children. The court did not deny the motion for habeas corpus but dismissed the case. Therefore, we think the finding of the court on the question of changed conditions is a nullity.

We think the judge of the Hunt County District Court was erroneously led to believe that the District Court of Panola County had exclusive, continuing jurisdiction over said minors because of the above articles of the statutes. But, in the case of Kelly v. Page, Tex.Civ.App., 186 S.W.2d 735, w/r, w. o. m., cited by appellees in their brief here, the court clearly held to the contrary.

Appellant accepted the judgment of the District Court of Hunt County dismissing the suit and promptly (eight days after the judgment of dismissal) filed his petition in the District Court of Panola County. To the suit filed in the District Court of Panola County appellees filed special exceptions and a plea of res judicata in which they sought to have the case in Panola County dismissed because of the judgment of the District Court in Hunt County which they contended did not have jurisdiction over the children in the first place. Appellees alleged in their plea of res judicata that " * * * Defendants say that said Judgment in said Cause No. 24,619 on the docket of the 8th Judicial District Court of Hunt County, Texas, constitutes an absolute bar to the prosecution of this suit and is res judicata of the parties, issues and subject matter involved in this suit and the matter cannot be put in issue herein." The trial court sustained said plea, hence the appeal.

■ We are unable to follow appellees' theory of reasoning. The minors involved here are now about 11 and 13 years of age. Judgments of the District Court pertaining to the care, custody and control of such minors are only final as to such care, custody and control up to the date of such judgment and res judicata to that extent only, and is subject to modification upon any subsequent showing of changed conditions. This has been the consistent holding of our court as far back as we find recorded cases and the cases so holding are numerous; many of them being collated under Article 4639, Note 9, Vernon's Ann.Civ.St., entitled Modification of Judgment.

We think appellant is entitled to a full hearing on his petition and that all evidence of changed conditions subsequent to January 23, 1952, should be heard and carefully considered.

All of appellant's points are sustained, the judgment of the trial court is reversed and the case is remanded to the District Court of Panola County for a full hearing in keeping with this opinion.

*FANNING, J., not sitting.*