Donald Frank **REIMER**, Appellant,

v.

**LEE & BEULAH MOOR CHILDREN'S HOME, Appellee.**

No. 6201.

Court of Civil Appeals of Texas,
El Paso.

Oct. 27, 1971.

Rehearing Denied Dec. 8, 1971.

A. C. Gonzalez, Jr., El Paso, for appellant.

Orba Lee Malone, Sam Snoddy, El Paso, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is an appeal from a summary judgment involving an adjudicated dependent and neglected child. Donald Frank Reimer, Plaintiff-Appellant, filed suit to recover custody of his minor child. Defendant-Appellee, Lee & Beulah Moor Children's Home filed a motion for summary judgment. The trial Court granted Defendant's motion and Plaintiff perfected this appeal. We reverse and remand.

The pleadings in the record consist of a sworn petition filed by Plaintiff in Cause Number 71–448 on the docket of the 171st District Court of El Paso County. Defendant did not file an answer. Defendant filed its motion for summary judgment alleging no genuine issue of a material fact and further alleging that Defendant was entitled to judgment as a matter of law due to the provisions of a judgment previously entered in Cause Number 132,199 on the docket of the 65th District Court of El Paso County. A copy of the earlier judgment, not certified, was attached to Defendant's motion. Plaintiff filed an affidavit in response to the motion filed by Defendant, asserting under oath, change of conditions and that the interests of the child would be best served by awarding custody to Plaintiff.

Plaintiff assigns two points of error alleging that Defendant's motion was insufficient for failure to set out specific grounds and for failure to prove the absence of a material fact issue.

Rule 166-A, Texas Rules Civil Procedure, prescribes the procedure for summary judgment. The Defendant having filed its motion with the attached copy of a prior judgment, relies entirely on the finality of the former judgment in which the minor was determined to be a dependent and neglected child. The Plaintiff replied to the motion with an affidavit alleging a change of conditions, which allegations are neither refuted nor denied by the Defendant. The alleged change of conditions are the Plaintiff's divorce from the child's Mother and the alleviation of his financial condition. Plaintiff further alleged that the child's best interest would be served by restoration of custody to him. In the prior proceeding, five children were involved. The custody of four of them was awarded to the Plaintiff, and the custody of the fifth child, the one involved in this action, was awarded to the Defendant.

The Supreme Court of this state has consistently held that strict compliance is required under summary judgment proceedings. Gulbenkian et al. v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). Sworn pleadings are not now acceptable for summary judgment proof. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.Ct.1971). To sustain a plea of res judicata by summary judgment proceedings requires the attachment of certified copies of the Court records. Gardner v. Martin, 345 S.W.2d 274 (Tex.Sup.Ct. 1961). This last requirement is made even though the Supreme Court recognizes that a trial Court may take judicial notice of its own records in a cause involving the same subject matter between the same or practically the same parties. We do not think that the rule in Gardner v. Martin, supra, is applicable here since the Plaintiff by his action, pleads the former judgment and seeks its amendment or modification. In fact, it is solely on the basis of such judgment that he is now able to seek the relief prayed for. Thus, both parties plead the former judgment. The Plaintiff alleges that it should be amended or modified and the Defendant alleges that it conclusively determines the matters in issue. No objection or exception appears in the record by either party to the trial Court's consideration of the provisions of the former judgment. We therefore overrule Plaintiff's point of error Number One.

The Plaintiff has filed an affidavit in opposition to the Defendant's motion for summary judgment and though the affidavit is not comprehensive in detailing the facts, yet it alleges a change of conditions and circumstances which create a fact issue in determining proper custody for the child's best interest. To sustain the Defendant's contention, it would be necessary that the former judgment be of such finality that the judgment could not be amended or modified. In a dependent and neglected child proceeding, such finality appears contrary to the legislative intent and Court construction. Arts. 2336 and 2337, Vernon's Ann.Civ.St.; Shrode v. Boles Orphan Home et al., 283 S.W.2d 82 (Tex.Civ.App., ref. n. r. e.); Pettit v. Engelking, 260 S.W. 2d 613 (Tex.Civ.App., ref. n. r. e.). We sustain Plaintiff's point of error Number Two.

For the foregoing reasons, we reverse and remand.