## BOYED v. WILSON et al.

### No. 12560.

Court of Civil Appeals of Texas. Galveston.

April 30, 1953.

Rehearing Denied May 28, 1953.

Howard C. Boyles, of Baytown, Butler, Binion, Rice & Cook and Percy Don Williams, of Houston, for appellant.

Shannon L. Morris, of Baytown, for appellee.

CODY, Justice.

This is a proceeding by T. R. Wilson and wife, to adopt Maryann Bowman, a white child, five years of age. Prior to the institution of the proceedings, on March 15, 1952, the child's natural mother, who was then Mary Ernestine Thompson, executed her written consent to the adoption, which was filed in the proceedings. Prior to the hearing on the adoption proceedings, the child's mother married one Boyed, and thereafter filed a written withdrawal of her consent to the adoption. The child's natural father also filed an answer in which he objected to the adoption. The mother's parents also intervened and filed an answer, objecting to such adoption. The court found that the child's natural father had abandoned her before her birth, and had made no contribution toward her support, and the Honorable Roy F. Campbell, acting as Judge of the Juvenile Court of Harris County, filed his consent to the adoption.

Upon the hearing before the Honorable Wilmer B. Hunt, Judge of the 133rd District Court of Harris County, without a jury, judgment was rendered granting the adoption so sought by T. R. Wilson and wife. In response to request for conclusions of fact and law, the court found to the effect: (a) that the child had not been voluntarily abandoned and deserted by her mother, (b) that the natural mother did execute her written consent voluntarily for the adoption of the child by the Wilsons, (c) and that prior to the hearing, the natural mother did withdraw her consent to the adoption; but found that such withdrawal of consent "was neither predicated upon good cause nor any cause presented in evidence save her change of mind."

The court concluded as a matter of law that it was competent for a natural parent to withdraw the consent given for the adoption of a child at any time before the hearing on the adoption, but that such withdrawal does not deprive the court of jurisdiction to hear and determine the matter of adoption, unless the withdrawal is shown to have been predicated upon good cause.

And the court concluded that notwithstanding the withdrawal of consent that the court was authorized to permit the adoption.

The child's mother has perfected her appeal in the proceedings, and predicates it upon two points to the effect (1) that the court was without authority to permit the adoption after the consent, required by Art. 46a, was withdrawn by the natural parent, and (2) that there was no evidence or at least insufficient evidence to support the court's finding that the appellant lacked good cause for withdrawing her consent.

The question here presented, the authority of the court to proceed to judgment of adoption after the natural parent has withdrawn the written consent required by Sec. 6, of Art. 46a, has not heretofore been presented for determination by this court. Neither has the question been determined by the Supreme Court of the State. The majority of the courts of Civil Appeals of the State which have had occasion to pass on the question have determined that the natural parent has the right to withdraw the written consent required by the adoption Statute, and that such withdrawal deprives the court of any authority to permit the adoption. "Under Article 46a, Sec. 6, R.C. S., Vernon's Ann.Civ.St. art. 46a, § 6 it is provided, with certain exceptions, which are not applicable to the instant case, that 'no adoption shall be permitted except with the written consent of the living parents of the child'. Where the statutory exceptions are not applicable, consent of the living parent or parents is prerequisite to a judgment of adoption." Williams v. Liles, Tex.Civ.App., 245 S.W.2d 551, 552, Ft. Worth; Paschke v. Smith, Tex.Civ. App., 214 S.W.2d 205, Beaumont; Platt v. Moore, Tex.Civ.App., 183 S.W.2d 682, Amarillo; Fitts v. Carpenter, Tex.Civ. App., 124 S.W.2d 420, Eastland; Smith v. Curtis, Tex.Civ.App., 223 S.W.2d 712, Dallas. The Waco Court of Civil Appeals, by dicta, indicated a preference for the rule, which theretofore existed only in other states, to the effect that the withdrawal of consent must be supported by good cause

shown. Hammond v. Chadwick, Tex.Civ. App., 199 S.W.2d 547. This view was also adopted by the San Antonio Court of Civil Appeals. McRae v. Lamb, Tex.Civ.App., 233 S.W.2d 193.

The philosophy upon which the latter view is supported is, " * * * a withdrawal of consent should be passed upon by the trial judge as a chancellor with power 'as *parens patriae*, to diagnose the case of the unfortunate infant and prescribe a course of treatment for its future; unhampered by the changing winds of emotion which alternately submerge and restore parental attributes.' " McRae v. Lamb, supra, at page 196 of 233 S.W.2d. However, it is well settled that adoption was not known to common law, and that it springs from statutory enactment. The power of the court to render a judgment of adoption has been based in this State upon the written consent of the natural parent or parents. The strongest of all bonds is that which links parent and child. This bond which is both natural and sacred is by statute to be severed only by the free consent of the parent, evidenced in writing. The bond is severed only by the judgment of adoption. The Legislature did not make the written consent irrevocable, except for good cause. But by making the written consent the foundation of the right to permanently separate parent and child, made the consent revocable by the parent up until the judgment of adoption.

We will not undertake to state that the court abused his discretion in ruling that good cause was not shown, as he was in position to observe the witnesses. However, the evidence would have supported a finding of good cause. It showed the mother was not able to support the child when she consented to the adoption, and that her parents had only consented to assist her after she had consented in writing to the adoption. We do not sustain appellant's second point, but sustain her first point.

The judgment is reversed and here rendered.