Herbert Gus WILDE et ux., Appellants,

v.

Juanell BUCHANAN, Appellee.

No. 10488.

Court of Civil Appeals of Texas.

Austin.

May 29, 1957.

Rehearing Denied June 19, 1957.

Grindstaff & Grindstaff, of Ballinger, Francis G. Culhane, of San Angelo, for appellant.

Jack Moore, of Ballinger, for appellee.

HUGHES, Justice.

This is a statutory adoption proceeding in which the only question presented by the parties is whether the mother of the child sought to be adopted has the unconditional right to withdraw her previously given consent to the child's adoption at any time prior to the hearing on the petition for adoption, the mother's consent only being required under the facts of this case.

The child, Debra Kaye Buchanan, was born June 26, 1956, to appellee, Mrs. Juanell Buchanan.

On July 6, 1956, the mother gave her written consent to the child's adoption. The child was then delivered to the custody of appellants Mr. and Mrs. Herbert Gus Wilde who have since retained her custody.

On July 12, 1956, appellants filed in the court below their petition for the adoption of the child.

On July 21, 1956, the court entered an order therein appointing Mrs. Aurelia Webb to investigate and report to the court her findings on the matters specified regarding the adoption and set the cause for hearing on September 8, 1956.

Mrs. Webb's report was filed September 7, 1956. It was favorable in all respects to Mr. and Mrs. Wilde. As to appellee the the report, among other findings, stated "She has a nice personality, is reasonably attractive and she carries on a conversation easily. She appears to love her children and wants them with her. Mrs. Buchanan has definitely stated that she doesn't want to give Debra Kaye up; that her parents have told her that they all want the baby and will help take care of it."

On September 8, 1956, appellee filed her answer to the adoption petition retracting her consent to the adoption.

There were no findings by the court as to good cause or lack of good cause for this retraction.

The court found that within a few weeks after custody of the child was delivered to appellants they took her to Dallas where she had lip and nose surgery costing $450 which was paid by them.

The court concluded that appellee had the right to withdraw her consent to the adoption at any time before the hearing on the petition for adoption and denied the petition for adoption.

Art. 46a, Vernon's Ann.Civ.St., provides, in part, that "such consent (of the natural parent) shall be sufficient if given in writing after the birth of said child and *duly acknowledged,* giving the name, date and place of birth of said child, and shall agree to permanently surrender the care, custody, and parental authority of and over said child, and consent to its adoption upon judgment of any Court of competent jurisdiction * * *." (Italics ours.)

The consent procured from appellee complied with the above statutory requirements except that it was not "duly acknowledged." It was merely sworn to and subscribed before a qualified person.

An acknowledgment and a jurat are not the same. In 1 C.J.S. Acknowledgments § 1, pp. 777 and 778, it is stated:

"While it has a broader popular meaning, the term 'acknowledgment' in its technical legal sense means a formal declaration or admission before an authorized public officer by a person who has executed an instrument that such instrument is his act and deed; * * * An acknowledgment is to distinguish from a jurat in that a jurat is a simple statement that an instrument is subscribed and sworn to or affirmed before a proper officer without the further statement that it is the act or deed of the person making it."

In Texas the form of an ordinary acknowledgment is prescribed by statute. Art. 6607, V.A.C.S.

Art. 46a, supra, providing that a parent's consent shall be sufficient if executed in a

certain manner is properly construed as providing that if not so executed it shall be insufficient. 39 Tex.Jur. p. 189 and cases there cited.

■ The written consent of a parent, when required is jurisdictional. Sec. 6, Art. 46a; Pearce v. Harris, Tex.Civ.App., El Paso, 134 S.W.2d 859. This being true and the matter being of such a solemn, serious and permanent nature we believe that the statutory requirements regarding the consent of a mother to the adoption of her child should be complied with substantially, which, in our opinion, is not here shown.

■ The requirement of the statute that a parent's consent be acknowledged must, if it be given any effect, be held to affect the validity of the consent, for the purpose of the acknowledgment is not the usual one of entitling an instrument to record in order to give notice. These matters are completely foreign to the subject matter of this statute. We believe such requirement to be within the general rule that " * * * Where the statute so provides, acknowledgment or other proof may be essential to the validity of an instrument even as between the parties where such instrument falls within its provisions." 1 C.J.S. Acknowledgments, § 6, p. 781.

As we construe Art. 46a, supra, a parent's consent is insufficient unless duly acknowledged and being insufficient the Trial Court did not err in refusing appellant's petition for adoption.

■ We are also of the opinion that appellant had the unconditional right to withdraw her consent at any time before the court acted on the petition for adoption. Clayton v. Smith, Tex.Civ.App., Austin, 277 S.W.2d 948, writ refused, N.R.E.; Boyd v. Wilson, Tex.Civ.App., Galveston, 258 S.W.2d 223, writ refused; Paschke v. Smith, Tex.Civ.App., Beaumont, 214 S.W. 2d 205, writ refused, N.R.E. If there is presently a debatable conflict between these

cases and Hammond v. Chadwick, Tex.Civ. App., Waco, 199 S.W.2d 547, McRae v. Lamb, Tex.Civ.App., San Antonio, 233 S. W.2d 193, and Pettit v. Engelking, Tex.Civ. App., San Antonio, 279 S.W.2d 489, it is one which this Court cannot resolve.

We will say, however, that regardless of the validity of the reasons for the rule being one way or the other it is our opinion that it is of far greater importance to the public that the rule be, if it has not already been, finally and definitely settled. When the parties to an adoption proceeding know and are certain about their rights there can be no "hard cases" such as the one before us.

Believing that the court below acted properly and in accordance with the law his judgment denying the adoption is affirmed.

Affirmed.