**CATHOLIC CHARITIES OF THE DIO-
CESE OF GALVESTON, INC.,**
Appellant,

v.

**Judith Ann HARPER et vir, Appellee.**

No. 3492.

Court of Civil Appeals of Texas.

Eastland.

Jan. 29, 1960.

Rehearing Denied Feb. 19, 1960.

Holman, Graves & Saccomanno, Houston, Pollan & Nicholson, Rosenberg, James Rowland Gough, Houston, for appellant.

Copeland, Kalvort & Benn, Houston, for appellee.

GRISSOM, Chief Justice.

The pleadings in this case show that, in January, 1958, Judith Ann Dunn, now Harper, was suing her husband for a divorce. She had temporary custody of their two small boys. She was nineteen. She placed the boys with the Catholic Charities of the Diocese of Galveston, in Harris County, for room and board while she worked. In May, 1958, her husband died. On July 17, 1958, she executed a written consent to said Catholic Charities for the placement of her sons for adoption. On August 29th she married Mr. Harper. On October 7th she advised the Catholic Charities that she was withdrawing her consent for the placement of her children for adoption and wanted them returned to her. The Catholic Charities refused to return the children or to reveal their whereabouts. She then filed a petition for a writ of habeas corpus in Harris County, which was later amended. She obtained an order requiring the Catholic Charities to disclose the name and address of the person with whom the children had been placed and prohibiting it from consenting to the adoption of her sons. Thereafter, she filed a motion for a summary judgment against said Catholic Charities and it filed a motion for a summary judgment. The court sustained Mrs. Harper's motion and rendered judgment enjoining the Catholic Charities from consenting to the adoption of said boys and decreed that the consent of Mrs. Harper for the placement of her sons for adoption had been revoked and was without effect. The Catholic Charities have appealed.

Appellant's points are that the court erred (1) in granting plaintiff's motion for a summary judgment, (2) in overruling defendant's motion and (3) in refusing to dismiss plaintiff's suit.

762

Mrs. Harper withdrew her consent for the Catholic Charities, a child-placing agency under Article 46a, section 6, to place her children with another and consent to their adoption before the court acted thereon. Under its points 1 and 2, appellant contends that, since Mrs. Harper had executed her written consent that appellant might place her sons with another and consent to their adoption and appellant had found people who wanted to adopt them and with whom the boys had resided for thirty-four days before plaintiff withdrew her consent, Mrs. Harper then had no legal right to withdraw her consent. Appellant admits that before the amendment of the adoption statute, which provided for the placing of a child with adoptive parents by a child-placing agency or institution licensed by the State, that in all cases, save those expressly excepted by statute, a parent could at any time before rendition of judgment of adoption withdraw his consent. We find nothing in said amendment that deprives her of that right. We think that the legislature did not change the general rule that consent may be withdrawn before the judgment of adoption is rendered. See Wilde v. Buchanan, 157 Tex. 606, 305 S.W.2d 778; Paschke v. Smith, Tex.Civ.App., 214 S.W.2d 205 (Ref. N.R. E.); Austin v. Collings, Tex.Civ.App., 200 S.W.2d 666 (Ref. N.R.E.); Boyed v. Wilson, Tex.Civ.App., 258 S.W.2d 223 (Ref. N.R.E.); Fitts v. Carpenter, Tex.Civ.App., 124 S.W.2d 420. Points 1 and 2 are overruled.

Appellant's remaining point is that the court erred in not dismissing plaintiff's suit. The record shows that Mrs. Harper filed a habeas corpus proceeding in Fort Bend County against the adoptive parents and that the adoptive parents filed a cross action seeking to adopt the children. This case is still pending. Appellant says the adoptive parents pleaded therein that appellee was jeopardizing a favorable decision in Fort Bend County "and that the plaintiff should be required to either dismiss or otherwise dispose of the Harris County case; without a hearing in the Fort Bend case the plaintiff requested of the adoptive parents and the judge, and got permission, to postpone any hearing in the Fort Bend case until she had disposed of this Harris County case." It is apparent that appellee did the very thing she was thus authorized to do. This case does not involve custody, regardless of its effect on that question. The Harris County District Court did not attempt to determine the right to custody of the children living in Fort Bend County. Appellant is a resident of Harris County wherein it was sued to establish appellee's right to withdraw her consent. We think reversible error is not shown. The judgment is affirmed.