**Daniel Milton NEWBY, Jr., et ux., Appellants,**

v.

**Linda HEARD, Appellee.**

No. 16188.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 2, 1960.

Rehearing Denied Dec. 30, 1960.

**564**

O'Connor & Douglass, and Jas. D. O'Connor, Dallas, for appellants.

Melton & James, and Thomas L. James, Dallas, for appellee.

PER CURIAM.

Appellee in this case bore a child taken at birth by appellants, who thereafter filed a petition in adoption according to the laws of the State of Texas.

Prior to the time upon which a judgment could be entered decreeing adoption of the child of the appellee, she withdrew consent theretofore given for adoption. This was effected by way of intervention in the adoption proceedings, embodying a withdrawal of consent in writing, coupled with a prayer for a writ of habeas corpus to the end that her child be brought before the Court, discharged from restraint and confinement by appellants, and delivered over to her. Upon hearing, the trial court granted said application for habeas corpus, ordering the child turned over to appellee. From such order an appeal was taken.

Judgment affirmed.

In Catholic Charities of Diocese of Galveston v. Harper, Tex.1960, 337 S.W.2d 111, the Supreme Court, distinguishing circumstances in which consent for adoption cannot be withdrawn, stated that it considered sound the decisions of the cases recognizing the *unconditional* right of a parent to withdraw consent theretofore given for adoption of a natural born child at any time before the Court has granted the petition for adoption, where no licensed child placement agency has acted. The cases referred to were Wilde v. Buchanan, 1957, 157 Tex. 606, 305 S.W.2d 778, and Boyed v. Wilson, Tex.Civ.App. Galveston 1953, 258 S.W.2d 223, error refused. If we yield obeisance to the controlling effect of these decisions it follows that the judgment of the trial court must be affirmed. This constitutes a duty binding upon our action in this case, regardless of whether circumstances might exist which in another form of action might justify depriving the natural parent of legal custody.

Judgment is affirmed.