Anthony BARRY, Jr. et ux., Appellants,

v.

CHILD AND FAMILY SERVICE, INC., Appellee.

No. 11861.

Court of Civil Appeals of Texas, Austin.

April 30, 1971.

**594**

Johnson & Trickey, Tim M. Trickey, Austin, for appellants.

Stayton, Maloney, Black, Hearne & Babb, Douglass D. Hearne, Austin, for appellee.

PER CURIAM.

Appellants Anthony Barry, Jr. and wife, Mary Elizabeth Barry, the natural parents of the infant John Allen Barry brought this suit to set aside their respective consents to Child and Family Service, Inc., for placing the child for adoption. Appellants also sought temporary injunctive relief against the adoption of the child by the parties with whom the infant was placed by the Child and Family Service. The adoptive parents are not before the court.

Hearing on appellants' application for temporary injunction was before the trial court, and after all parties closed the court denied temporary injunction. Appellants have appealed from this order of the trial court.

Appellants assign error in denying their application for temporary injunction on the ground that the consent documents, upon which Child and Family Service, Inc., purportedly acquired legal care and custody of and parental authority over John Allen Barry, are insufficient as a matter of law.

We overrule this contention.

Article 46a, Section 6(f), Vernon's Ann. Civ.St., the Adoption Code of the State of Texas, requires that

"In the case of any consent by the natural parents as herein required to the adoption of a minor child, regardless of whether or not said child was born in lawful wedlock, such consent shall be sufficient if given in writing after the birth of said child and *duly acknowledged* \* \* \*" (emphasis added)

Article 6607, V.A.C.S., provides that the form of an ordinary certificate of acknowledgment must be substantially as follows:

"The State of —————,
County of —————,

Before me, —————, (here insert the name and character of the officer) on this day personally appeared —————, known to me (or proved to me on the oath of —————) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

(Seal) Given under my hand and seal of office this ————— day of —————, A.D. 19——"

With specific reference to the consent documents in this case, there appears not an acknowledgment but a jurat, viz:

"Subscribed and Sworn to before me, by the said Anthony Barry, Jr. (Mary Elizabeth Barry), this the 2nd day of October, 1970, to certify which witness my hand and seal of office.

/s/ Thomas Black
Notary Public in and for
Travis County, Texas"

Appellants rely on a decision of this Court in Wilde v. Buchanan, 303 S.W.2d 518, Tex.Civ.App., Austin, 1957, writ ref. n. r. e., 157 Tex. 606, 305 S.W.2d 778, for the proposition that Article 46a, Section 6 (f) requires an acknowledgment, not a jurat, and that the two are not the same. *Wilde* involved circumstances in which the adoption sought to be set aside was a direct adoption, between the natural mother and the adoptive parents, and in which a child placement service was not involved. The attack there was directly upon the adoption proceedings, whereas in this case the attack is collateral. This Court held in *Wilde* that the appellant had an uncondi-

tional right to withdraw her consent at any time before the court acted on the petition for adoption. This Court, in addition, held that the jurat did not satisfy the requirement that the consent be acknowledged, a holding appellants rely upon in this case.

In refusing application for writ, no reversible error, the Supreme Court in a *per curiam* opinion based its action on the first holding of this Court, thus leaving the latter statement, referring to acknowledgments and jurats, of doubtful authority.

Consequently we follow the holding of the Court of Civil Appeals in McGowen v. McGowen, 364 S.W.2d 477, Tex.Civ.App., Beaumont, 1963, no writ, stating that the statutes dealing with adoption do not specify the acts necessary for a proper acknowledgment and that substantial compliance with the statute is sufficient to justify action of a trial court in refusing to set aside the adoption.

Judgment of the trial court refusing the injunction is affirmed. Motion for rehearing will not be entertained.