

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 19, 1988

Honorable Roy Blake                     Opinion No. JM-995
Chairman
Committee on Administration             Re: Liability of an appraisal
Texas State Senate                      district and its officers for
P. O. Box 12068                         damages awarded in a federal
Austin, Texas   78711                   court judgment, and related
                                        questions   (RQ-1569)

Dear Senator Blake:

On behalf of the Newton County Appraisal District, you ask us two questions. First, you inform us that the Newton County Appraisal District and three members of the district's board of directors lost a lawsuit in federal district court alleging employment discrimination. The judgment requires the district's board of directors to reinstate the plaintiff in the lawsuit as chief appraiser of the district, as well as to pay damages and attorney's fees.

The judgment orders that the plaintiff recover a certain sum for attorney's fees from the defendants, "jointly and severally." You ask about the meaning of "jointly and severally." Specifically, you ask: "Is the Newton Central Appraisal District wholly liable or are all of the listed defendants liable and if so, to what extent?"

Black's Law Dictionary defines "joint and several" for purposes of liability in the following fashion:

> A liability is said to be joint and several
> when the creditor may sue one or more of the
> parties to such liability separately, or all
> of them together at his option.

Black's Law Dictionary 972 (4th ed. 1968). See generally, 74 Am. Jur.2d Torts § 66 (1974); Restatement (Second) of Torts §§ 875, 876 (1979). Thus, absent any language in the court's judgment to the contrary, each defendant in the situation you describe is equally liable, and the plaintiff may proceed to collect against all of the defendants or against any one or more of the defendants. You do not ask

about, and therefore we do not address, whether any defendant may recover by virtue of a right of subrogation against any other defendant in the event that the plaintiff recovers wholly against the first defendant.

Second, you inform us that the Newton County Appraisal District held a closed meeting in early August of this year, purportedly under the authority of subsection 2(g) of the Open Meetings Act, article 6252-17, V.T.C.S., for the purpose of discussing the salary to be paid to the former chief appraiser whom the district was required to reinstate. Subsection 2(g) of the Open Meetings Act provides:

> Nothing in this Act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, unless such officer or employee requests a public hearing.

The chief appraiser verbally requested that the meeting be open to the public, but the board rejected her request. It did so because the board had adopted earlier an operating policy providing that requests under subsection 2(g) for open meetings relating to personnel matters be submitted to the board in writing. Pursuant to section 2A of the Open Meetings Act, the board chose to tape the executive session rather than prepare a certified agenda. See Open Records Decision No. 495 (1988). You inform us that, subsequent to the meeting, the board concluded that it was without authority to require requests for open meetings under subsection 2(g) to be in writing and that, consequently, the meeting that was held in executive session was so held improperly.[1] We express no opinion regarding the actual impropriety of the meeting.

---

1. Article 6252-17, section 4, sets forth the following penalties for violating the act:

> (a) Any member of a governing body who knowingly calls or aids in calling or organizing a special or called meeting or session which is closed to the public, or who
>
> (Footnote Continued)

The board has received a request under the Open Records Act for a copy of the tape of the meeting alleged to have been held. Article 6252-17a, section 3(a), of the act states: "All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information. . . ." This office already has held that tape recordings of executive sessions in the custody of governing bodies are "information" under the act. Open Records Decision No. 495 (1988). You do not ask about a tape of a properly held executive session. Instead, you ask whether the tape of an allegedly improperly closed meeting is excepted from required public disclosure under the Open Records Act.

Section 2A of article 6252-17, V.T.C.S., the Open Meetings Act, which requires a governing body to keep either a certified agenda or a tape of every meeting that is closed to the public, sets forth the following at subsection (e):

> The certified agenda or tape shall be available for in camera inspection by the

---

(Footnote Continued)

> knowingly closes or aids in closing a regular meeting or session to the public, or who knowingly participates in a regular, special, or called meeting or session which is closed to the public where a closed meeting is not permitted by the provisions of this Act, shall be guilty of a misdemeanor and on conviction is punishable by a fine of not less than $100 nor more than $500 or imprisonment in the county jail for not less than one month nor more than six months, or both.

> (b) Any member or group of members of a governing body who knowingly conspires to circumvent the provisions of this Act by meeting in numbers less than a quorum for the purpose of secret deliberations in contravention of this Act shall be guilty of a misdemeanor and on conviction is punishable by a fine of not less than $100 nor more than $500 or imprisonment in the county jail for not less than one month nor more than six months or both.

judge of a district court if litigation has been initiated involving an alleged violation of this Act.  The court upon entry of a final judgment may  admit the  certified agenda  or tape into evidence in whole or in part.   The court may grant equitable or legal relief  it considers appropriate, <u>including an order that the governmental body make available  to the public the  certified agenda  or tape  of any part of a meeting that was not authorized to  be  closed  under  this  Act.</u>   (Emphasis added.)

Subsection (h)  prohibits the  release of  a  certified agenda or tape of a meeting that is closed to the public and provides the following:

No individual, corporation, or partnership shall, without  lawful  authority,  knowingly make public  the  certified  agenda  or  tape recording of a meeting  or that portion of  a meeting that  was closed  under authority  of this  Act.   A   person  who  violates   this subsection shall  be  liable  to  any  person injured or damaged thereby for:

(1)  actual damages  including  but   not limited  to  lost   wages,  damages  due   to defamation of character,  or mental or  other emotional distress or  other personal  injury or damages;

(2)  costs of court;

(3)  reasonable attorney's fees; and

(4)  exemplary or  punitive damages in  the discretion of the trier of fact.[2]

_____

2.  We note  that  subsection  (i)  provides  that  an offense under  subsection  (h)  is  a  Class  B  misdemeanor. Subsection (j) provides:

It shall be a defense to prosecution under Subsection  (h)  of  this  section  and   an affirmative defense  to  prosecution  in  any
(Footnote Continued)

V.T.C.S. art. 6252-17, §2A(h).

It is suggested that section 2A provides the only means whereby a certified agenda or tape of a meeting closed to the public may be released to the public. We agree. Generally, where the legislature confers a power and prescribes a definite, certain method of procedure for a city or county or others to follow, other methods are impliedly excluded. Foster v. City of Waco, 255 S.W. 1104 (Tex. 1923); Citizens' Bank v. City of Terrell, 14 S.W. 1003 (Tex. 1890); see also Wilde v. Buchanan, 303 S.W.2d 518 (Tex. Civ. App. - Austin), writ ref'd n.r.e. per curiam, 305 S.W.2d 778 (Tex. 1957); Steakley v. Braden, 322 S.W.2d 363 (Tex. Civ. App. - Austin 1959, writ ref'd n.r.e.); Lubbock County School Trustees v. Harral County Line Indep. School Dist., 95 S.W.2d 204 (Tex. Civ. App. - Amarillo 1936, no writ). Sutherland on Statutory Construction declares:

> As the maxim [Expressio unius est exclusio alterius. -- 'The expression of one thing is exclusive of another.'] is applied to statutory interpretation, where a form of conduct, the manner of its performance and operation, and the persons and things to which it refers are designated, there is an inference that all omissions should be understood as exclusions. 'When what is expressed in a statute is creative, and not in a proceeding according to the course of the common law, it is exclusive, and the power exists only to the extent plainly granted. Where a statute creates and regulates, and prescribes the mode and names the parties granted right to invoke its provisions, that mode must be followed and none other, and such parties only may act.'

2A N.J. Singer, Sutherland Statutory Construction § 47.23 (C. Sands 4th ed. 1984). (Footnotes omitted.)

---

(Footnote Continued)
civil action arising under Subsection (h) that the person releasing the certified agenda or tape thereof had good reason to believe the release was lawful or that the release was the result of a mistake of fact concerning the nature or content of the certified agenda or tape.

Section 2A provides a procedure whereby a court is empowered both to determine whether any public meeting is improperly closed and to order the disclosure of the certified agenda or tape of any such meeting. Moreover, section 2A specifically prohibits the release to the public of any certified agenda or tape without lawful authority. See Open Records Decision No. 495 (1988).

We conclude that the legislature intended that any disclosure to the public of a certified agenda or tape of any meeting closed to the public must be accomplished only through the procedures set forth in the act. See id. Accordingly, we conclude that, in the situation that you describe, the board of directors of the Newton County Appraisal District is without authority to release to the public the tape of the meeting assumed to be improperly closed.

### S U M M A R Y

When a judgment provides that the defendants are "jointly and severally" liable, absent any other language in the court's order to the contrary, each defendant is equally liable; the plaintiff may proceed to collect against all of the defendants together or against any one or more of the defendants separately, at his option.

In an instance in which a governing body holds a meeting closed to the public, the certified agenda or tape of the meeting may be released to the public only pursuant to the procedures set forth at section 2A of article 6252-17, V.T.C.S., the Open Meetings Act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

JENNIFER S. RIGGS
Chief, Open Government Section
of the Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General